# Perdue *v.* Brooks Bros.

95   611
123   422

*Bill in Equity to have Absolute Conveyance declared Mortgage, and for Account and Redemption; Cross-Bill for Foreclosure.*

1. *Sale under decree of foreclosure; personal decree for balance of debt.* Under a decree for the foreclosure of a mortgage, if the proceeds of sale of the mortgaged property do not satisfy the decree in full, the mortgagee is entitled to a personal decree for the unpaid balance (Code, § 3605); but, if the decree is satisfied in full, he can not have a personal decree for a balance reported in his favor by the register under the statement of an account between the parties relative to matters outside of the mortgage.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 2d March, 1885, by Thomas Perdue, against Brooks Brothers individually, and as partners; and sought principally to have a conveyance of land, which was an absolute deed in form, declared a mortgage, and for an account and redemption under it; also, to have another mortgage which the complainant had executed to one Crenshaw, and which said Crenshaw had assigned to Brooks Brothers, declared satisfied and cancelled; and for other relief not material to the questions now presented. The deed was dated January 20th, 1883, signed by said Perdue and wife, and conveyed a tract of land containing two hundred acres, on the recited consideration of $538; and at the time it was executed, and as part of the same transaction, Brooks Bros. gave a written instrument to Perdue, by which they promised, "when the above advanced money is repaid to them, they were to deed said land back to said Thomas and Nancy Perdue." This money, $538, was advanced by Brooks Bros. to Perdue in a check drawn in favor of one Carr, who then held a mortgage on the land for $400, the balance ($138) being the accrued interest; and on the delivery of the check to Carr, and the payment of a small balance of $38.00, which he claimed, and which Brooks Bros. also advanced for Perdue, he delivered up the mortgage, and it was cancelled on the record. On the 15th February, 1883, Perdue executed to J. J. Crenshaw a crop-lien note and mortgage, conveying his crop for the year 1883,

with mules, horses, &c., as security for $400 made in advances; the note and mortgage maturing on the 1st October, 1883. On the 30th October, 1883, Brooks Bros. advanced to said Crenshaw, at the instance of Perdue, $432.44, as the amount due on said mortgage, and took an assignment of it to himself; and on the same day Perdue ordered a cancel-tion on the record of the agreement to re-convey, above stated, which Brooks Bros. had executed to him on the 20th January, 1883. On the 18th February, 1884, the parties had another settlement or agreement, but its terms do not fully appear; at which time, Perdue gave his note for $194 to Brooks Bros., purporting to be "for rent of land," and they executed to him a writing in these words: "Whereas, Thos. Perdue is indebted to Brooks Bros. in the sum of $1,164.44, amount due on land; now, therefore, if the above amount is paid, including any amount that may be due for supplies from Brooks Bros. the present year, the said Brooks Bros. agree to deed to said Thomas and Nancy Per-due the 200 acres of land bought of them January 20, 1883; but, should they fail to comply with the above, then this agreement to be void."

On these facts, the complainant asked that his deed to Brooks Bros. be declared a mortgage, and that he be allowed to redeem on payment of any balance due, which he offered to do, but denied that anything was due; and he claimed that the several notes, which purported to be given for rent, were in fact given for usurious interest, and that the mort-gage to Crenshaw was fully paid and satisfied. The defend-ants claimed in their answer that the original contract for the mortgage to Carr was a purchase of the land, and by cross-bill asked a foreclosure of the mortgage to Crenshaw; and they contended that the agreement of February 18th, 1884, was without consideration, and was only intended to give the complainant another opportunity to re-purchase his land.

After the reversal of the case on the former appeal (85 Ala. 459), the court having rendered a decree declaring each party entitled to relief, and ordering a statement of the accounts by the register, he reported that the amount due on the mortgage to Carr was $343.24, the amount due on the Crenshaw mortgage $630.40, and that there was an additional balance due from Perdue to Brooks Bros. of $331.43, which seems to have been composed of family supplies, &c., ad-vanced by them during the year 1883-4. This report was in all things confirmed, and a decree was rendered ordering a sale of the property under each mortgage unless the balance

[Perdue v. Brooks Bros.]

due thereon was paid within a specified time. At the next term, the register reported that the complainant had paid the balance due on each mortgage; and the defendants then asked for a personal judgment against him for the unpaid balance of $331.43. The court rendered a decree as asked, and this decree is here assigned as error.

WATTS & SON, for appellant.

J. C. RICHARDSON, contra.

COLEMAN, J.—It is an established rule of chancery practice, that to authorize relief both the *allegata* and *probata* must be sufficient, and must correspond. However full and convincing the proof as to any fact, unless the fact is averred, proof alone is insufficient.

We have examined the pleadings in this case, and especially the cross-bill, and have been unable to discover any averment of indebtedness, the subject of controversy, and made a basis of relief, other than the sum of $538.00, expressed as the consideration of the deed, and $432.00 given for the Crenshaw mortgage, the sum of $194.00 purporting to be for rent of land, and a small sum to be paid as balance to Carr. In stating the account originally before the register, it. may have been proper and necessary to show other indebtedness of the mortgagor, to which payments were applied; but the only balance due, for which a decree of foreclosure could be rendered upon the pleadings, was for the balance unpaid of the debts secured by the mortgages. After this was done, and a final decree of foreclosure and order of sale rendered, and this decree fully satisfied, it was irregular, if not wholly without the jurisdiction of the court, to order the register to execute a reference, and state an account between the parties, as to other transactions and other indebtedness, not covered by the original or cross-bill of the case, and wholly outside of the mortgage debt.

Where, after final decree of foreclosure, payments are made, or the mortgaged property is sold, but the payments or proceeds are insufficient to satisfy the decree, it is right and proper to order a reference to ascertain how much of the decree of foreclosure remains unsatisfied, and it is for such unpaid balance of the foreclosure decree that the statute authorizes proceedings for a personal decree, or judgment which may be enforced by execution.—Code, § 3605; *Pressley v. McLean*, 80 Ala. 310; *Winston v. Brown-*

[O'Conner Mining & Manufacturing Co. v. Coosa Furnace Co.]

*ing*, 61 Ala. 80; *Sayre v. Elyton Land Co.*, 73 Ala. 87; *Tedder v. Steele*, 70 Ala. 347.

Reversed and remanded.