# Presley, Adm'rx, *v.* McLean.

*Petition for Scire Facias, to Revive Chancery Decree, and for Issue of Execution in Foreclosure Proceeding.*

1. *No execution can issue on decree foreclosing mortgage, until after sale of mortgaged property, and balance ascertained.*—By statutory provision (Code, § 3908), when an account is taken under a bill in chancery, and the amount of indebtedness between the parties ascertained by the decree of the court, the decree has the force and effect of a judgment, and execution may at once issue on it; but, on decree for the foreclosure of mortgages, or the enforcement of equitable liens, "no execution must issue until the property ordered to sale shall have been sold, and the sale confirmed, and the balance due ascertained by the decree of the court."

2. *The statute contemplates two decrees, the second to be invoked by complainant, and not by the court ex mero motu.*—The statute contemplates a continuous proceeding, and a second decree after the sale, based upon the first, and ascertaining the balance due; which second decree must be invoked by the action of the complainant, and is not granted by the court *ex mero motu*.

3. *Scire facias; when not granted.*—After the lapse of eight years from the sale and its confirmation, during which period no action is had or asked in the cause, the suit is at an end, and the decree can neither be revived by *scire facias*, nor made the basis for a second decree, ascertaining the balance due, on which execution may issue.

APPEAL from Autauga Chancery Court.

Heard before the Hon. N. S. GRAHAM.

The proceedings in this cause grew out of a petition filed in the Chancery Court on the 6th April, 1885, by Isabella Presley, as administratrix, in which it was recited that at the Spring term, 1876, of said Chancery Court a decree had been rendered in favor of said Isabella Presley, as administratrix, against William McLean, on a bill filed for the foreclosure of a mortgage executed by the defendant on certain lands therein described, to secure the balance of purchase-money due for said lands; that a balance of two thousand and one 34-100 dollars was ascertained to be due complainant, which sum the defendant McLean was decreed to pay within thirty days, or in default of payment, the lands named in the mortgage were to be sold and

the proceeds applied to the payment of said balance, after payment of costs. The petition further recites, that in accordance with the decree the lands were advertised and sold; at which sale the complainant, Isabella Presley, became the purchaser at the price of one thousand dollars, leaving a balance due on said decree of one thousand and twenty-one 55-100 dollars. The petition closed with a prayer for a *scire facias* to revive the decree rendered at the Spring term, 1876, as aforesaid, and for the issue of execution for the balance due on said decree.

The respondent filed a number of pleas to the petition, setting up that the cause had been discontinued; that complainant, by her long delay, had waived her right to proceed for any balance, and had elected to treat the sale under the mortgage as a *strict foreclosure;* that the balance sought to be recovered was barred by the statute of limitations; that the proceedings of the complainant after so great a lapse of time were inequitable.

A motion was made by the complainant to strike these pleas from the file, and the motion was overruled, and the petition of complainant was dismissed by the court. From these adverse rulings of the chancellor the complainant appeals, and assigns the same as error.

SADLER & HOLMES, and WATTS & SON, for appellant, cited Code of 1876, §§ 3908–9--12–13–14; 61 Ala. 80–4; Hermon on Ex. p. 32, § 112; 5 Ala. 188; 24 Ala. 701; Story Eq. Pl. § 365; 2 Dan. Ch. Pl. pp. 1757–8–9–60; 22 Ala. 549; 3 S. & P. 220; 21 Ala. 257; 22 Ala. 150; 25 Ala. 652; 18 Ala. 77; Waite's Ac. & Def. vol. 5, p. 641–2–3; Freeman on Ex. § 82; 66 N. C. 449; 1 A. K. Marshall, 201; 45 Miss. 712; Hermon on Ex. p. 32, § 42; 63 Ala. 361; 55 Ala. 539; 18 Ala. 715; 19 Ala. 271.

GUNTER & BLAKEY, *contra*, cited Story's Eq. Plead. § 354; 64 Ala. 345; 26 Ala. 52; 69 Ala. 164; 40 Ala. 712; 4 Stew. & Por. 138; 1 Wall. 73; 61 Ala. 80; 55 Ala. 547.

CLOPTON, J.—The decrees and orders of courts of equity, unless for a specific property, operate *in personam*, and were originally enforceable only by process of contempt. The power to enforce their decrees, by other processes and methods, has been greatly enlarged by statute, both in England and in this country. By our statute, all writs for the collection of money, or to obtain possession of real or personal property, in use in the common law courts, are to be adapted to the execution of decrees in the courts of chancery.—Code, § 3906. The statute does not enlarge the jurisdiction of the courts to *render decrees for money;* but confers authority to adapt the

[Presley, Adm'rx, v. McLean.]

writs, in use in the common law courts, to the execution of such decrees, when legally and regularly rendered.

The bill, on which the decree, sought to be revived, was rendered, is not contained in the record; but we infer from what is disclosed, its purpose was the enforcement of a vendor's lien on lands. On such bill, a court of equity, in the absence of statutory authority, can render no decree, other than one directing a sale of the property; and though an ascertainment of the amount due is necessary, no execution could, independent of the statute hereafter noticed, be issued on such decree for the collection of the balance remaining unpaid, after the appropriation of the proceeds of sale. Such balance was recoverable only in a subsequent action at law.— *Winston v. Browning*, 61 Ala. 80.

For the purpose of preventing unnecessary delay, and a multiplicity of suits—of making one suit effectual to the protection and determination of all the rights of the parties—section 3908 of the Code was enacted, which provides: "Where bills are filed, or are now pending in any of the chancery courts of this State, for the foreclosure of mortgages, or the enforcement of vendors' liens upon any specific property, real or personal, and in all cases, where an account is taken between the parties, and the amount of indebtedness between them ascertained by the decree, of such chancery court, such decrees shall have the force and effect of judgments, and executions thereon may be issued by the register, against the goods, chattels, lands and tenements of the parties, against whom such decrees may have been rendered; but no execution must issue on decrees for the foreclosure of mortgages, or the enforcement of equitable liens' until the property ordered to sale shall have been sold, and the sale confirmed, and the balance due ascertained by the decree of such court, when execution must issue for the balance, which may be found due." The effect and operation of the statute are, to confer on the Chancery Courts new and additional power and jurisdiction in the rendition of decrees in the specified classes of suits—decrees having the force and effect of judgments—and to authorize a mode of proceeding for their enforcement not originally and formerly pursued. The rendition of such decrees, and the subsequent proceedings thereon, being of statutory origin, must be in substantial conformity with the statutory provisions and regulations.—*Sayre v. Elyton Land Co.*, 73 Ala. 85.

In all cases, where an account is taken between the parties, and the amount of indebtedness between them ascertained by the decree of the court, other than in suits for the foreclosure of mortgages, and for the enforcement of vendors' liens, the decree has, *eo instanti* on its rendition, the force and effect

[Presley, Adm'rx, v. McLean.]

of a judgment, on which execution may be forthwith issued by the register. In suits for the foreclosure of mortgages, and for the enforcement of equitable liens, a different and particular provision is made, limiting and restricting the force and effect of the decree ascertaining the entire amount due, and directing a sale of the property, as a judgment—" *no execution must issue on decrees for the foreclosure of mortgages, or the enforcement of equitable liens, until the property ordered to sale shall have been sold, and the sale confirmed, and the balance due ascertained by the decree of such court, when execution must issue for the balance, which may be found due.*" The statute contemplates and provides for a second decree, the rendition of which is dependent on a sale of the property, and its confirmation. The second decree is founded on the first, as a judicial ascertainment of the entire amount of indebtedness, and the sale and its confirmation ascertain the amount of credit, where a decree is rendered, finding the balance due, for which execution must issue. Until a sale is made and confirmed, a decree for money, or a decree awarding execution is premature and invalid.— *Winston v. Browning, supra; Hughes v. Hatchett,* 55 Ala. 539; *Sayre v. Elyton Land Co.,* 73 Ala. 85. The legal effect of the decree made in 1876, which is sought to be revived, was to ascertain the amount, for which the property should be condemned to sale. It does not possess, under the statute or otherwise, the force and effect of a judgment, on which execution can issue. It is inchoate and conditional; wanting certainty of amount, an essential element of a judgment, capable of execution. The decree for money, which has the force and effect of a judgment, is the decree ascertaining the balance due after "the property ordered to sale shall have been sold, and the sale confirmed." By this construction all the provisions of the statute are harmonized. ·

The decree, ascertaining the amount due, and directing a sale of the property, was made in May, 1876, and the sale was confirmed in the succeeding November. No further proceedings were had in the case, until March 27, 1885, when a *scire facias* was issued to revive the decree of May, 1876, have the balance ascertained, and execution for the same. Conceding that *scire facias* is an appropriate remedy to revive a decree for money, which has become dormant, and have execution thereof; we can not assent to the proposition that *scire facias* is a sufficient and adequate remedy to revive a decree, and have execution thereon, upon which no execution could have ever been legally issued. Resort, in such case, must be had to other, different and original proceedings. Counsel insist, however, that if such decree can not be revived, *scire facias* is a proper process to obtain, after confirmation of the

sale, a decree ascertaining the balance due, as provided by the statute : that it must be regarded as a notice, that motion will be made for such decree, and that application therefor may be made at any time, before presumption of payment arises, or before the statute of limitations operates a bar. The vice of the proposition consists in the assumption, that the decree of the chancellor, ascertaining the amount of the purchase money due, has the force and effect of a judgment, capable of execution. We do not understand, that any question necessarily arises, as to the presumption of payment from the lapse of time, or of the bar of the statute of limitations. The true contention is, has there been a discontinuance by the *laches* of the complainant?

The mere failure of the register to place, or continue a cause on the docket, without some order of the court disposing of it, valid until reversed, or without the assent, concurrence or action of the complainant, will not operate a discontinuance, though no orders may have been in the cause at any of the intervenient terms. But if the cause is kept off the docket, or taken therefrom by the act of the plaintiff, or by his omission to do an act, preliminary to his right to have it placed, or continued on the docket, this will amount to a discontinuance. *Ex parte Horton*, 69 Ala. 164. The decree ascertaining the amount of purchase money due, and condemning the property to sale, the sale thereunder, its confirmation, and the application of the proceeds, finally disposed of the cause, according to the usual and original practice and proceedings in such cases in courts of equity.

The statute confers on complainant the right and privilege of obtaining, after the confirmation of the sale, a decree ascertaining the balance due, for which execution must issue. No gap or chasm in the proceedings is contemplated by the statute. The evident intention is a continuous proceeding in a continuous suit. It is not the duty of the chancellor to ascertain such balance, *ex mero motu*. Action on the part of the complainant is *preliminary* to a continuation of the cause on the docket for the rendition of the statutory decree. If the complainant fails to make the necessary application in a reasonable time after the final confirmation of the sale, no justifying cause for delay supervening, his right to a decree, ascertaining the deficiency, must be regarded and treated as waived, and the case must be held to have been finally disposed of, as it would have been, by the practice, orders and decrees of the court in the absence of the statute. The statute does not change or destroy the effect which the proceedings had, prior to its enactment, *as a final disposition of the suit*, unless, by positive action of the complainant, it is retained for the statutory purpose. The right to

a decree for money is superadded, and only authorized after the suit has accomplished its original and primary object—the enforcement of the lien. The suit will be considered and treated as finally terminated by decree of the court, unless the statutory option to have a money decree is asserted in a reasonable time, after the *status* of the case and the proceedings therein authorize such application.

We will not attempt to lay down an absolute and unbending rule to govern all cases. There may exist circumstances, or proceedings, which excuse or necessitate an extension or postponement. In such case, however, the suit should be continued on the docket for the purpose of obtaining the statutory decree; and the application should follow the confirmation of the sale in the due and regular succession of judicial proceedings. A gap or chasm in the proceedings for more than eight years, after the confirmation of the sale, caused by the *laches* of complainant in asserting her statutory right to a money decree, operates a discontinuance of the suit *for such purpose;* and for the recovery of any balance due, she is remitted to some other appropriate action.

Affirmed.