# Teal *v.* Lewis.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Personal decree and execution for unpaid balance of purchase-money.* The statute which provides for a personal decree and execution against the defendant, for the unpaid balance due after the property has been sold in satisfaction of the complainant's lien (Code, § 3605), applies only where the defendant is personally liable for the debt, and does not extend to a sub-purchaser, who, though he bought with notice or knowledge of the outstanding vendor's lien, did not assume the debt for the purchase-money.

APPEAL from the Chancery Court of Crenshaw.
Heard before the Hon. JOHN A. FOSTER.

[Teal v. Lewis.]

The original bill in this case was filed on the 16th March, 1877, by James Teal, as the administrator of the estate of B. B. Bass, deceased, against Alfred Holley and John Ramer; and sought to enforce a vendor's lien for the unpaid purchase-money of a tract of land. The material facts are stated in the several reports of the case on former appeals, this being the fourth—63 Ala. 387; 68 Ala. 206; 82 Ala. 288. The land was sold under a decree declaring the lien, Holley becoming the purchaser, at less than the amount of the decree in favor of the complainant; and the latter then asked a personal decree against Holley for the unpaid balance. The register reported that nothing was due to the complainant from Holley, and this report was confirmed by the chancellor, against exceptions filed by the complainant. The chancellor's decree is now assigned as error.

J. D. GARDNER, and W. D. ROBERTS, for appellant.

JOHN GAMBLE, contra.

CLOPTON, J.—The original bill was filed by appellant for the enforcement of a vendor's lien. After the sale of the land under a decree ordering it to be sold for the payment of the purchase-money, the complainant petitioned the chancellor to find the balance due after applying the proceeds of the sale, and award execution for the same against appellee, as administrator of the estate of Alfred Holley. The ascertainment of the amount remaining unpaid was referred to the register, who reported that nothing was due by the estate of Holley. Exceptions were filed to the report, which were overruled, and it was confirmed.

The statute provides, that in "suits for the enforcement of equitable liens, execution may issue for the balance found due after a sale of the property ordered and decreed to be sold."—Code, 1886, § 3605. In the absence of a statute, the court of chancery did not render a decree for any balance of the amount for which the land is ordered to be sold that remains unpaid by a sale of the property, and execution could not be awarded or issued on the decree enforcing the lien. The complainant was remitted to his legal remedies to recover such balance. Section 3605 is a condensation of section 3908 of Code of 1876, which we have heretofore considered and construed. The statute provides for a second decree—a money decree—based on the entire indebtedness,

as ascertained by the decree of sale, and the amount to be deducted therefrom as ascertained by the sale.—*Pressley v. McLean*, 80 Ala. 309. The purpose of the statute is to obviate the pre-existing necessity of resort to another action to recover any balance of the purchase-money, which may remain unpaid after the sale; to make the chancery suit effectual for the enforcement of all the rights of complainant, and prevent unnecessary and additional suits. Its effect is to authorize a money decree for the balance, only in cases in which a judgment *in personam* could be recovered against the defendant, in an action at law for the purchase-money. The statute has no operation, where the defendant has not brought himself under obligation to pay the purchase-money, and where the decree enforcing the lien merely ascertains the sum with which the property shall be charged, and orders it to be sold in satisfaction of the same—as in case of a sub-purchaser, who bought the land with notice of a vendor's lien, but did not assume to pay the purchase-money due by his vendor, the original vendee.

It is insisted that the first decree, which was affirmed by this court, is conclusive that there was a contract of sale between complainant's intestate and Holley, and as to the latter's personal liability. The first decree declared, that the land was subject to the purchase-money, and ordered it to be sold for the payment of a specified sum; but in the opinion, which preceded and accompanied the decree, the chancellor held that complainant would not be entitled to a judgment and execution thereon, for any balance which might remain unpaid after applying the proceeds of the sale. It is manifest that the effect of the decree of sale is not to adjudge the personal liability of Holley; if an adjudication at all in respect to the matter, it was that he was not personally bound. The decree, confirming the report of the register, ascertaining that nothing was due by Holley's estate, is founded on such being the effect and operation of the first decree, and on the absence of proof that Holley ever assumed or promised in writing to pay the purchase-money due by Ramer, who was the vendee of the complainant's intestate, though he purchased with notice of the lien. As the decree enforcing the lien did not adjudicate that Holley was personally bound, his personal representative could interpose to the rendition of a money decree any objection or defense which would avail to defeat a suit at law for the recovery of the purchase-money. An examination of

the evidence satisfies us, that Holley never made any valid agreement to pay the purchase-money of the land, which could have been enforced by an action at law; consequently, there is no error in the chancellor's confirmation of the report of the register.

Affirmed.