# Baker *v.* Young.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Decree pro confesso.*—A decree *pro confesso,* on personal service, is an admission of the allegations of the bill, and of the correctness of the exhibits thereto, and dispenses with the necessity of making formal proof of them.

2. *Execution on decree declaring vendor's lien.*—When a decree is rendered declaring a vendor's lien, and ordering a sale of the land by the register, it is premature to award execution for the balance that may be found due after deducting the proceeds of sale (Code, § 3605); but, this being the only error, it will be corrected at the cost of the appellee, and the decree as corrected will be affirmed.

APPEAL from the City Court of Decatur, in equity.

Heard before the Hon. WM. H. SIMPSON.

The bill in this case was filed on the 29th May, 1889, by William Young, against Robert P. Baker and his wife, and Mrs. Mary E. Ludwig; and sought to enforce a vendor's lien

on a tract of land, which Mrs. Ludwig had sold and conveyed to said Baker. The complainant claimed to be the owner of two of the notes given for the purchase-money, by assignment for valuable consideration; and he annexed them as exhibits to the bill. The original transcript did not show that there was any foot-note to the bill, but it is set out in an amended or additional transcript sent up by the register. Decrees *pro confesso*, on personal service, were regularly entered against all of the defendants, on the 1st July, 1889; and on the next day, the cause being submitted for final decree, on the bill, with exhibits, and decrees *pro confesso*, the court rendered a decree for the complainant, declaring a lien on the land for the amount due him, which was ascertained by calculation to be $1,130, and ordering a sale of the property by the register, if the amount was not paid within thirty days; and it was further ordered and decreed, " that if the proceeds of such sale are insufficient to pay off in full the costs of suit, and the amount hereinbefore found to be due on said notes, with interest thereon, complainant have and recover such balance so remaining unpaid, of said Robert P. Baker, for which let execution issue."

The defendants now appeal, and make the following assignments of error: (1.) It was error to render a decree *pro confesso* against the defendants, when there was no foot-note to the bill specifying the statements or interrogatories which each of them was required to answer. (2.) It was error to render a final decree based on such decree *pro confesso*. (3.) The award of execution in and by the decree was premature.

BRICKELL, HARRIS & EYSTER, for appellants.

PRICE & CALLAHAN, *contra.*

SOMERVILLE, J.—If there is anything in the first assignment of error, the objection raised by it is obviated by the return to the *certiorari*, the corrected record showing this assignment to be entirely groundless.

1. The suffering of a decree *pro confesso*, after the proper personal service, was an admission by the defendants of the allegations of the bill.—Code, 1886, § 3483. This admission embraced the correctness of the exhibits attached to the bill, and dispensed with the necessity of making any formal proof of them.—*Carradine v. O'Connor*, 21 Ala. 573. It is too plain for argument, that the case made by the bill fully authorized the relief prayed, which was for the enforcement of the vendor's lien for the unpaid purchase-money on the lands. 3 Brick. Dig., §§ 101–104; Code, 1886, § 1764.

2. The only error we discover in the decree is that portion of it ordering, *in limine*, that execution issue for the amount of the debt ascertained to be due from the appellant Baker. The court should have first ascertained the balance due after the sale of the land which was decreed to be sold—deducting the proceeds of such sale from the whole amount of the indebtedness as ascertained by the decree—and not until then should execution have been ordered to issue for such balance. This is the requirement of the statute.—Code, 1886, § 3605; Code, 1876, § 3908.

The award of execution was premature. This error in the decree will be corrected at the costs of the appellee, and on the authority of *Winston v. Browning*, 61 Ala. 80, as corrected, the judgment of the City Court will be affirmed.