[Hastings v. Alabama State Land Company.]

# Hastings *v.* Alabama State Land Co.

*Bill to Enforce Vendor's Lien; Cross Bill to Compel Execution of Deed.*

1. *Decree; cannot be varied after adjournment of court.*—The principle has been long regarded as settled that a court is without power to alter, vary or annul a final judgment or decree after the close of the term at which it was rendered, unless it be for the mere correction of clerical errors or omissions.

2. *Same; chancellor may correct at next term error in calculation of interest.*—The calculation of interest involves the exercise of no judicial discretion; it is a mere matter of calculation. Hence, where the chancellor makes a mistake in such calculation in entering ? decree he has power to correct the error at the next term of the court after the decree is rendered and entered.

3. *Same; personal rendered after sale of land to enforce vendor's lien.*—Where there is a balance due complainant after the sale of land ordered by the court to be sold in a suit to enforce vendor's lien, there is no error in rendering a personal decree against the respondents for the deficiency. This decree cannot properly be rendered until after a sale and confirmation.

APPEAL from Bibb Chancery Court.

Heard before Hon. W. H. TAYLOE.

Bill in equity by the Alabama State Land Company against J. M. Hastings and another to enforce vendor's lien on land sold by the complainant to the defendants. Decree was rendered for the complainant, but the chancellor in calculating the interest on the purchase money committed an error, which was corrected at the next term of the court. The only questions considered were whether or not this correction could be made, and whether or not a personal decree could be rendered against the defendants for balance due after exhausting the proceeds of the sale of the land.

[Hastings v. Alabama State Land Company.]

Z. T. RUDULPH, for appellants.—The court could not vary its decree after adjournment.—*Carlisle v. Killebrew*, 91 Ala. 351; *Cochran v. Miller*, 74 Ala. 50; *Marshall r. Phillips*, 79 Ala. 145; *Owen v. Bankhead*, 82 Ala. 400; *Beatty v. Brown*, 85 Ala. 210.

SMITH & SMITH, contra.—The amendmend of the decree was proper.—*Taylor v. Harwell*, 65 Ala. 1; *Herring v. Cherry*, 75 Ala. 377; *Nabors v. Meredith*, 67 Ala. 335; *Hudson r. Hudson*, 20 Ala. 364.

TYSON, J.—By the terms of the written contract of purchase the respondents were to pay interest at the rate of eight per centum *per annum* upon the deferred payments from date of sale. In ascertaining the amount due by them upon these deferred payments, the chancellor in making the calculation of interest, calculated the interest from the date of maturity of these deferred payments, instead of from date of sale. The contract evidencing the amounts due and owing to the complainant was in writing and made an exhibit to the deposition of witness Anderson. There was and could not have been any controversy as to these amounts, and as to the time from which interest began to run. These facts were not only shown by the contract itself, but by the answer of the respondents to the bill. After the rendition of this decree by the chancellor, the complainant discovering the mistake, made a motion at the next term of the court to correct the decree so as to make it for the correct amount. Notice in writing of this motion was served upon the respondents. The chancellor granted the motion and corrected the decree. It is from this action of the chancellor that this appeal is prosecuted.

The principle has been long regarded as settled, that a court is without power to alter, vary or annul final judgments or decrees, after the close of the term at which they are rendered, unless it be for the mere correction of clerical errors or omissions. The calculation of interest involves the exercise of no judicial discretion. It is a mere matter of calculation. In the case under consideration, the chancellor having the right to ascertain the amount due upon the contract without refer-

39

ring the matter of calculation to the register, which he exercised, was not exercising his judicial discretion in the calculation of interest. Indeed there was no room for any application of his judicial sanction or discretion. And the fact that he made a mistake in the calculation is entitled to no more weight than had it been made by his clerk, the register.—*Ford v. Tinchant*, 49 Ala. 567. The following cases are conclusive of the correctness of the action of the court in amending the decree *nunc pro tunc*: *Philipe v. Harberlee*, 45 Ala. 597; *Wade v. Kelly & Hutcheson*, 2 Stew. 443; *Smith v. Kennedy*, 63 Ala. 334; *Nabers' Admr. v. Meredith*, 67 Ala. 333; 15 Ency. Pl. & Pr. p. 224, and authorities cited in note 1.

The decree having been amended so as to speak the truth and there being a balance due the complainant after applying the proceeds of the sale of the lands to the satisfaction of the decree, there was no error in rendering a personal decree against the respondents for the deficiency.

This decree for the deficiency could not properly be rendered until after a sale and a confirmation.—Code, § 859; *Presley v. McLean*, 80 Ala. 309.

Affirmed.