(111 So. 14)

**HALL v. NOBLE et al.**   (5 Div. 954.)

(Supreme Court of Alabama.   Jan. 13, 1927.)

1. **Vendor and purchaser ⊕291—Court had jurisdiction to render deficiency judgment, after sale on foreclosure of vendor's lien, on basis of complainants' preliminary motion recited in judgment (Code 1923, § 6652).**

In action for foreclosure of vendor's lien, court on confirming sale had jurisdiction to render personal judgment for deficiency, as allowed by Code 1923, § 6652, despite claim that no prayer for deficiency judgment was made in any formal pleading, where judgment contained recital of preliminary motion by complainants and was entered within reasonable time after decree of foreclosure.

2. **Vendor and purchaser ⊕287—Sale in vendor's lien foreclosure action held proper where made on advertisement for three successive weeks (Code 1923, §§ 9012, 9258).**

Confirmation of sale, in action to foreclose vendor's lien, *held* proper where sale was had on advertisement for three successive weeks, under Code 1923, § 9258, as section 9012 applies only to sales for foreclosure of mortgages or deeds of trust which contain no power of sale and does not impair previously existing right to foreclose in court.

Appeal from Circuit Court, Elmore County; George F. Smoot, Judge.

Bill in equity by B. F. Noble, R. E. Seibels, and M. A. Vincentelli, as trustees, against Thera C. Hall. From a decree for complainants, defendant appeals. Affirmed.

Ludlow Elmore and Bernard Lobman, both of Montgomery, for appellant.

A court of equity, without statutory aid, had no jurisdiction or power to render a personal decree. Section 6652 of the Code of 1923 cannot be invoked unless notice is given to defendant that such remedy is being asked; the general prayer for relief is not sufficient. Wells v. Amer. Mortgage Co., 123 Ala. 413, 26 So. 301. A deficiency decree cannot be rendered except on motion of complainant, and no motion appears to have been made in this case. Presley v. McLean, 80 Ala. 309. Not less than four weeks' notice of sale should have been given in this case, as provided by section 9012 of the Code of 1923. Section 9258 has no application here.

Steiner, Crum & Weil, of Montgomery, for appellees.

While it is necessary for complainant to move for a deficiency decree, no notice of such motion need be given to respondent. Wells v. Amer. Mortgage Co., 123 Ala. 413, 26 So. 301; Harper v. Raisin Fertz. Co., 148 Ala. 362, 42 So. 550. Section 9012 has no reference to sales other than those made by virtue of a mortgage or deed of trust in which no power of sale is expressly given.

SAYRE, J.   After a decree against appellant foreclosing a vendor's lien and after a sale under the foreclosure decree failed to produce enough to satisfy the purchase-money debt, the court proceeded to render a personal judgment against appellant for the sum of the deficit. Appellant complains of the deficiency judgment, contending that the jurisdiction of the court to render such judgment was not properly invoked, and, in the second place, that there was error in confirming the register's report of sale for the reason the report disclosed the fact that the sale was advertised for three successive weeks only.

[1] 1. Sufficiently answered, we think, is the first stated proposition of appellant's brief by the recital of the decree confirming the sale and rendering judgment for the deficiency. The recital is (after reciting the deficiency):

"It is therefore, on motion of complainants, further ordered, adjudged, and decreed that complainants have and recover," etc.

In view of this recital of the judgment, appellant's contention is resolved into this, that the court had no jurisdiction to render the deficiency judgment for that no formal pleading in the cause shows a prayer or motion for such judgment. Presley v. McLean, 80 Ala. 309, is cited in the brief for appellant as holding expressly that a deficiency decree cannot be rendered except upon motion made by the complainant. But the question there was, how, nine years after the decree of foreclosure had been executed, complainant might for the first time invoke the power of the court to render a deficiency judgment, and the court, after stating the history and purpose of the statute authorizing such judgments—now embodied in section 6652 of the Code of 1923—held that the complainant there was barred of his right to a personal judgment by laches, saying that "action on the part of the complainant is preliminary to a continuation of the cause on the docket for the rendition of the statutory decree," and that it was not the duty of the chancellor to ascertain the deficiency ex mero motu. Here, complainant took timely action as the judgment conclusively demonstrates. If a formal petition or motion in writing were requisite to put the power of the court in motion, it would be necessary, in the absence now from the record of such petition or motion, to accept the recital of the judgment as proof that such motion had been duly made—this, because the parties were in court, the complainant invoked jurisdiction, and judgment was rendered. Such, according to our understanding, was

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the opinion and judgment of the court in Wells v. American Mortgage Co., 123 Ala. 413, 26 So. 301. Appellant seems to rely upon the reasoning of the dissenting opinion in that case, where very much the same question was presented as that shown by the record now before the court. There was a strong dissent by Tyson, J., but the court as then constituted refused to accept his view, and the court now, after nearly 30 years, is of opinion that the rule of that case should be followed.

[2] 2. Counsel further contend that the decree and the foreclosure in pursuance thereof were erroneous because the sale was had, as the decree directed it to be had, after advertisement once a week for three successive weeks. This contention is made on the supposed authority of section 9012, which appears for the first time in the Code of 1923. The chancellor followed section 9258 which provides that:

"If the length of the publication be not otherwise prescribed it must be for three successive weeks."

Section 9258, found in the chapter of the Code relating to "Notices and Hours of Sale," has to do with notices to be inserted in newspapers by public officials in the discharge of public duty, as have most of the other sections collected under that chapter heading, whereas, section 9012 governs cases of sales for the foreclosure of mortgages or deeds of trust which contain no power of sale and was intended to provide a remedy by sale in such cases without impairing the previously existing right to foreclose in a court having jurisdiction of the subject-matter. The foreclosure in the present case was by bill in equity, and to it section 9012 had no relation. The chancellor correctly followed the provision of section 9258.

Decree and judgment affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.