153 So. 412

## HAMILL v. McCALLA et al.
### 6 Div. 376.

Supreme Court of Alabama.
Jan. 11, 1934.

Rehearing Denied March 15, 1934.

J. Wiley Logan, of Birmingham, for appellant.

J. Howard Perdue, of Birmingham, for appellees.

**FOSTER, Justice.**

This is a bill in equity to foreclose a mortgage on real estate, and incidentally it seeks a deficiency judgment against both the mortgagor, who is the maker of the note, and also against the irregular indorser, who is appellant.

Appellant demurred on the ground that a deficiency judgment could not be rendered against him on his objection, because, in effect, his obligation is separate and distinct from that of the maker; in other words, that they are several and not joint debtors. His demurrer was overruled, and that ruling presents the only question for us to consider on this appeal.

It is undoubtedly true that when the purpose of a bill is single, incidental matters, though unconnected, may be united without causing multifariousness. Such is a creditor's bill, whose single purpose is to collect a debt.

But the purpose of a foreclosure suit is to extinguish the equity of redemption. In our case of Winston v. Browning, 61 Ala. 80, 84, it is said that: "In the absence of statutory provisions, a court of equity could not in a foreclosure suit * * * render any other decree than one barring the equity of redemption, or directing a sale of the mortgaged premises. If after a sale, there was an unpaid balance of the mortgage debt, it was recoverable only in action at law—the court could not direct that execution issue for it"—citing Hunt v. Lewin, 4 Stew. & P. 138; see 42 C. J. 290, § 1974; Tedder v. Steele, 70 Ala. 847.

But since an early date in Alabama, it has been provided by statute, that in all such suits execution may issue on the balance found due after a sale of the property. Section 6652, Code.

Under our statute it has been held that the proper practice is for the court to ascertain the balance due after the sale is made, and after crediting the proceeds, to order execution for such balance. Presley v. McLean, 80 Ala. 309; Johnson v. Ward, 82 Ala.

486, 2 So. 524; Baker v. Young, 90 Ala. 426, 8 So. 59; Perdue v. Brooks, 95 Ala. 611, 11 So. 282; Hastings v. Ala. State Land Co., 124 Ala. 608, 26 So. 881.

While it is not improper to pray for a deficiency decree in the bill (Thompson v. Wilson, 224 Ala. 299, 140 So. 439), the right to enter such a decree, more properly to order execution, exists under the statute without such a prayer, when rendered on motion in a reasonable time. Hall v. Noble, 215 Ala. 444, 111 So. 14; Wells v. Am. Mortgage Co., 123 Ala. 413, 26 So. 301.

Since the execution for any balance due is itself only incidental to the equitable remedy of foreclosure, the collateral incidents to collecting the debt as when that is the purpose of a bill are not applicable. In fact the statute controls the subject in Alabama. Under its provisions, the original conception of an equitable foreclosure remains in all its requirements, with the right to execution added by statute as an incident to the equitable relief thus enforced. The rule affecting the proper parties to a foreclosure proceeding is not thereby changed or affected. The nature of relief in respect to the foreclosure is the same. The statute therefore does not permit the addition of parties not necessary or proper to the rendition of the relief of foreclosure. It is always proper to make the mortgagor or principal debtor a party to such a suit. When a surety is a joint debtor, he stands in such relation to the debt that he may be made a party. Therefore, execution may be ordered against him the same as against the principal debtor. Averyt Drug Co. v. Ely-Robertson-Barlow Drug Co., 194 Ala. 507, 69 So. 931; Tedder v. Steele, 70 Ala. 847.

Unless appellant occupies a position similar to that of a surety by joint contract with the maker, by virtue of his indorsement, with waiver of the statutory conditions to his liability, he is not a proper party, unless made so for some other reason, and execution may not be ordered against him for the deficiency. 42 C. J. p. 58, § 1581, p. 284, § 1963, p. 287, § 1966; Younghusband v. Ft. Pierce Bk. & Tr. Co., 100 Fla. 1088, 130 So. 725.

An irregular indorser is one who indorses for some purpose other than to transfer the instrument. 8 C. J. 74, § 18; Stearns on Suretyship, §§ 8–10; Alabama Nat. Bank v. Rivers, 116 Ala. 1, 22 So. 580, 67 Am. St. Rep. 95; Price v. Lavender, 38 Ala. 389. He may thus indorse prior to delivery (8 C. J. 74, § 121), or afterwards (8 C. J. 83, § 1300), without

284

changing his status as an irregular indorser. Stearns on Suretyship, § 9.

■■ By a waiver of the statutory conditions, his obligation is absolute upon default. Little v. People's Bank, 209 Ala. 620, 96 So. 763; Carothers v. Callahan, 207 Ala. 611, 93 So. 569. He is not subject to the conditions of a statutory indorsement, but his obligation is dependent upon the nature of his undertaking, and controlled by the principles otherwise applicable to contracts. Hullum v. State Bank, 18 Ala. 805.

■ If his indorsement was before the initial delivery, and contains such a waiver, his liability accrued at the same time as that of the maker, and by the same instrument, and upon the same conditions and consideration, and to the same extent. Holczstein v. Bessemer Tr. & Savs. Bk., 223 Ala. 271, 136 So. 409; Carter v. Long Bros., 125 Ala. 280, 28 So. 74; Long v. Gwin, 188 Ala. 196, 66 So. 88; Carter v. Odom, 121 Ala. 162, 25 So. 774.

■ An irregular indorser who does so after the initial delivery, though at the time of the transfer, makes his contract separate and distinct from that of the maker. He is not jointly bound with him nor subject to a joint action at law. Schillinger v. Leary, 201 Ala. 256, 77 So. 846; Scarbrough v. City National Bank, 157 Ala. 577, 48 So. 62, 64, 131 Am. St. Rep. 71; 8 C. J. 853, § 1114; 47 C. J. 69, § 144; 13 C. J. 574, § 553.

■ But if he is a proper party to a foreclosure suit, a deficiency decree may be rendered against him.

■ In the absence of a joint liability for the debt, and of any interest in the property, or the right which would affect the extinguishment of the equity of redemption, or by which the ownership of the debt or property passed, he is not a proper party, and not subject to a statutory deficiency decree.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, Justice.

The rule which we quoted from Winston v. Browning, supra, to exist in Alabama, was in accordance with the well-settled practice in equity then in existence. The only procedure to secure a personal judgment for the deficiency after foreclosure was a suit at law.

1 Wiltse on Mortgage Foreclosures, §§ 411, 412; 42 C. J. 58. The statute gave a new right. Teal v. Lewis, 85 Ala. 218, 4 So. 695; Presley v. McLean, 80 Ala. 309. We quote as follows from the latter:

"The effect and operation of the statute are, to confer on the Chancery Courts new and additional power and jurisdiction in the rendition of decrees in the specified classes of suits—decrees having the force and effect of judgments—and to authorize a mode of proceeding for their enforcement not originally and formerly pursued. The rendition of such decrees, and the subsequent proceedings thereon, being of statutory origin, must be in substantial conformity with the statutory provisions and regulations. * * *

"The statute contemplates and provides for a second decree, the rendition of which is dependent on a sale of the property, and its confirmation. The second decree is founded on the first, as a judicial ascertainment of the entire amount of indebtedness, and the sale and its confirmation ascertain the amount of credit, where a decree is rendered, finding the balance due, for which execution must issue. Until a sale is made and confirmed, a decree for money, or a decree awarding execution is premature and invalid. Winston v. Browning, supra; Hughes v. Hatchett, 55 Ala. 539; Sayre v. Elyton Land Co., 73 Ala. 85."

This principle, enforced without a statute, was observed in an early case in New York by Chancellor Kent. Dunkley v. Van Buren, 3 Johns. Ch. (N. Y.) 330. In that case he follows the chancery procedure in England, and concludes: "It is sufficient to observe, that the present suit is the ordinary bill to foreclose, and was not intended to supply, at once, the place of a suit at law upon the bond, and a suit in equity upon the mortgage."

That suit brought about the first innovation made upon the common-law principle by the adoption of a statute in New York, the first state acting on the subject. That statute provided that any person liable to plaintiff for the payment of the debt may be made defendant, and a personal judgment rendered against him for the residue. Other states, such as Wisconsin, Nebraska, North Carolina, South Carolina, Florida, and others, have adopted similar statutes. 1 Wiltse on Mortgage Foreclosures, § 412, p. 562.

Under such statutes all persons who guaranteed the payment or collection of the debt, though by separate instrument, may be made parties to mortgage foreclosures, for the purpose of rendering a deficiency decree against

them. 1 Wiltse on Mortgage Foreclosures, § 414.

An examination of the cases holding that such a guarantor may be made a party shows that the right is by virtue of a statute. The rule is generally enforced, when no statute intervenes, that a third person who is liable for the payment of the mortgage debt as a guarantor or indorser cannot be joined as a defendant, in order to be subject to a personal judgment, unless he is otherwise a proper party. 42 C. J. 58.

It is said in one of our cases that: "In a bill to foreclose a mortgage the only proper parties are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequent to the mortgage." Hambrick v. Russell, 86 Ala. 199, 202, 5 So. 298, 299. When the mortgagee had assigned the note and mortgage so as to pass the legal title to the property and the right to collect the debt, he is not a necessary party to a foreclosure proceeding. Rountree v. Satterfield, 211 Ala. 464, 100 So. 751; Langley v. Andrews, 132 Ala. 147, 31 So. 469; Crawford v. Chattanooga Sav. Bank, 201 Ala. 282, 78 So. 58; Prout v. Hoge, 57 Ala. 28.

The question in those cases arose upon a contention that the foreclosure proceeding could not be prosecuted without the mortgagee. They simply held that it could be done upon an allegation that he had parted with all his interest, legal or equitable.

In none of those cases did the question arise as to whether he was a proper party, though it was alleged that he had parted with all interest. Unless he is a party, his rights are not affected. If he did not sell and assign the mortgage and debt, the purchaser at the foreclosure sale would take subject to his rights. Such mortgagee may deny the assignment or set up fraud, want of consideration, or other defense to it. But, whether so or not, to quiet the title and assure the purchaser against any such claim, and being directly connected as a party to the transaction, and the conduit of it to the complainant, surely it would not be contended that he was an improper party, though no effort be made to secure a personal judgment against him. All persons who may be properly made parties to the foreclosure as respects the equitable relief, which by common practice equity possesses, may under the statute, such as ours, be subjected to execution if liable for the debt. 1 Wiltse on Mortgage Foreclosures, § 413; Flagg v. Florence D. Co., ante, p. 153, 153 So. 177.

It was held in our case of Saia v. Kronenberg, 223 Ala. 19, 134 So. 634, that in such a suit, though a regular indorser is not a necessary party to a foreclosure suit, he is necessary, of course, to be subject to a deficiency decree. That holding is entirely consistent with the theory that a deficiency decree may be rendered against any one who is liable for the debt, and is a proper party to the suit, when he is made a party.

But we have shown that our statute does not, as does that of New York and other states, authorize one liable for the debt to be made a party, when not otherwise a proper party, for the purpose of being subject to a deficiency decree. Section 6652, Code.

So that our question goes back to the inquiry which we discussed in the former opinion, of whether an irregular indorser, who became such after delivery of the note and mortgage, and at the time of its assignment, and was not necessary to pass the title, and who had no interest in the transaction except to guarantee payment of the debt, was a proper party to the foreclosure suit, and subject to a joint deficiency decree along with the mortgagor and mortgagee as the regular indorser. We must consider in this connection that the equitable right of foreclosure is not to collect the debt but "to extinguish the equity of redemption." That involves the presence in court of the title to the property, as to which collateral guarantors have no interest to be protected. Their only interest is to see that the property sells for its full value, and, since the sale is public, that right exists though not a party to the suit. Whatever may be his claims in respect to his collateral indorsement, they would not affect the foreclosure. The suit should not be incumbered by such incidental issues not germane to the equity of the bill. He may claim fraud, want of consideration, or that he did not indorse. Such claim would not affect the suit in any respect, nor the rights of the purchaser at the sale. It does not seem logical to hold that such indorser may be made a party to determine his personal liability when he is in no other way a proper party, and when his rights only refer to a status existing after the court has completed its task of extinguishing the equity of redemption.

We think that an irregular indorser of that sort is not a proper party to a foreclosure suit, nor therefore to a deficiency decree in one.

We see no inconsistency in this holding with our case of Saia v. Kronenberg, supra, but it

follows from a proper construction of section 6652, Code.

Application for rehearing is overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.