153 So. 177

**FLAGG et al. v. FLORENCE DISCOUNT CO. et al.**

8 Div. 447.

Supreme Court of Alabama.

March 1, 1934.

154

W. H. Mitchell, of Florence, for appellant Flagg.

George B. Jones, of Florence, for appellant Paxton.

L. R. Timberlake, of Florence, for appellees.

KNIGHT, Justice.

The initial pleading in this cause was a bill by appellant J. T. Flagg against the Florence Discount Company, a corporation, B. P. Paxton, and Robert L. Lovelace. The purpose of the bill was to enjoin foreclosure of a mortgage, pending ascertainment of the true amount due thereon, the transfer of the notes secured by the same, to purge the notes and mortgage of usurious interest, and for an ascertainment of the balance due on the mortgage indebtedness. In this bill complainant offered *to do equity.*

The bill averred that the complainant had purchased a house and lot in the city of Florence, Ala., of said Paxton and Lovelace at an agreed price; that on, to wit, the 15th day of March, 1927, complainant executed to said R. P. Paxton and Robert L. Lovelace his one hundred and twenty promissory notes, each in the sum of approximately $45, said notes being payable monthly over a period of one hundred and twenty months, and were secured by a mortgage on the property described in the bill, and which was the identical property bought by the complainant of said Paxton and Lovelace.

It is averred that said notes and mortgage were thereafter transferred to the said Florence Discount Company; that, while a large number of said notes had been paid, default having occurred in the payment of one of the installment notes, the said holders had elected, under the acceleration clause of the mortgage, to declare the entire indebtedness due and payable, and were threatening foreclosure proceedings, and to that end had employed an attorney "to foreclose and sue."

It is averred that the principal of the complainants' indebtedness, at the time the notes and mortgage were executed, was $3,450, and that "said notes and mortgage carry usurious interest and charges, and that

this usurious interest is charged in the face of the instruments," the exact amount of which was 10 per cent. of the principal of said indebtedness; that interest was charged upon the principal sum, increased by the addition of the 10 per cent.—in other words, that the $3,450 increased by the addition of 10 per cent. was the principal amount upon which interest was computed.

The respondent Paxton answered the bill admitting its allegations.

The said Robert L. Lovelace filed a sworn "plea" setting up his adjudication and discharge as a bankrupt under the act of Congress relating to bankruptcy (11 USCA). The said Florence Discount Company filed its answer to the bill, and made the same a cross-bill against the said Flagg and R. P. Paxton.

In its answer the Florence Discount Company avers with reference to the usury charge of complainant: "That said respondent is not informed as to the correctness or incorrectness of the allegations contained in count 6 of said complaint, and are not interested in the allegations contained therein due to the fact that they are innocent holders, for value, and in due course, of said notes and mortgage."

The respondent Florence Discount Company made its answer a cross-bill against the said Flagg and Paxton, but not against the said Lovelace.

In its cross-bill the cross-complainant prayed for the foreclosure of its mortgage, and for a deficiency judgment against the said mortgagor, Flagg, and against the said Paxton, one of the indorsers of said notes.

Flagg and Paxton separately demurred to the cross-bill. It is here assigned for error, by both Flagg and Paxton, that the court erred in overruling the demurrers.

It is insisted that the cross-bill was defective in not making the said Robert L. Lovelace, one of the mortgagees, a party thereto.

In paragraph 2 of the cross-bill it is averred: "That said notes and mortgage were executed by J. T. Flagg and made payable to R. P. Paxton and R. L. Lovelace; that immediately thereafter, for value and in due course before maturity of any of said notes, said Paxton and Lovelace transferred and assigned said notes and mortgage to the said Florence Discount Company and are now held by them, for value and in due course, as their property."

The cross-bill does not show that the transfer or assignment of the notes and mortgage was made in such manner as to convey to the assignee the legal title to the lands. And in construing and testing the sufficiency of the averment in respect to the assignment we must apply the familiar rule that pleadings, on demurrer, must be construed most strongly against the pleader. Warren v. Crow, 195 Ala. 568, 71 So. 92; Camper v. Rice, 201 Ala. 579, 78 So. 923; Gulf States Steel Co. v. Carpenter, 205 Ala. 162, 87 So. 580; Southern Ry. Co. v. Wright, 207 Ala. 411, 92 So. 654.

We must assume, therefore, that the legal title to the house and lot was not conveyed to the Florence Discount Company; that it remained, after the transfer, in the original mortgagees, Paxton and Lovelace. Lovelace, as above pointed out, is not made a party to the cross-bill.

It will be noted in this connection that the court dismissed the bill filed by Flagg, the mortgagor, and denied relief thereunder, but proceeded to grant the appellee Florence Discount Company relief under its cross-bill, and ordered a sale of the property to satisfy the mortgage and for a deficiency judgment, if any amount should remain unpaid by the application of the proceeds of the sale, against both Flagg, the mortgagor, and Paxton, one of the assignors.

In overruling that ground of demurrer which took the point that Lovelace was a necessary party to the cross-bill, under its averments, the court committed error. This demurrer should have been sustained.

Without the legal title, the appellee, Florence Discount Company, had no right to maintain its cross-bill for a foreclosure, without making both Paxton and Lovelace parties thereto, as they held the legal title to the property for aught disclosed to the contrary. The court will not order the sale of an imperfect title, one under which the purchaser would not acquire the legal title. Paxton and Lovelace, holders of the legal title, were necessary and indispensable parties. It is true that the transfer and assignment of the notes and mortgage, though the assignment did not carry the legal title, authorized the Florence Discount Company, as owner of the equitable interest in the property, to institute and maintain a bill to foreclose the mortgage, but to do so, it was necessary that the holders of the legal title should be brought in. Federal Land Bank of N. O. v. Branscomb, 213 Ala. 567, 105 So. 585; Lunsford

et al. v. Marx, 214 Ala. 37, 106 So. 336; Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171; Rountree et al. v. Satterfield, 211 Ala. 464, 100 So. 751; Crawford v. Chattanooga Sav. Bank, 201 Ala. 282, 78 So. 58; Langley v. Andrews, Adm'r, 132 Ala. 147, 31 So. 469.

Argument is here advanced that, inasmuch as Lovelace was insolvent, had been adjudged a bankrupt, and had received his discharge, and *these facts being known to appellee*, and were admitted by Lovelace, it was not necessary to make him a party to appellee's cross-bill. There are two or more sufficient answers to this contention. In the first place, no such facts appear in the cross-bill. Price Hardware Co. v. Meyer, 224 Ala. 35, 138 So. 543. So far as the cross-bill discloses to the contrary, Lovelace was solvent. In the next place, if Lovelace had been adjudged a bankrupt, he either still held the legal title to a part interest in the property, or it had passed to, and was vested in, the trustee of his bankrupt estate, in either of which events it was necessary to have the full legal title before the court, and that without regard to any claim for a deficiency judgment.

So far as the bankruptcy of said Lovelace is concerned, it is immaterial in passing upon the question of his nonjoinder, as it nowhere appears in the cross-bill that he is either insolvent or has been discharged from his provable debts by a court of bankruptcy, and besides, if it did so appear, either he or his trustee would still hold the legal title, and, until that is before the court, no valid decree of foreclosure could be entered.

The demurrer also takes the point that no joint deficiency judgment could be legally entered against the said Paxton, indorser, and the said Flagg. Whether this is true or not, we need not determine. However, we are of the opinion that, when a court of equity has jurisdiction of the subject-matter, and by proper service acquires jurisdiction of the proper and necessary parties, it can and will proceed to a full and complete settlement of all questions involved, though some may be of purely legal cognizance.

When the circuit court of Lauderdale county acquired jurisdiction of the subject-matter and of the parties, it had the right to render a decree for the deficiency as an incident to the enforcement of foreclosure. The right to order execution for the balance of the mortgage debt, after the application of the proceeds of the sale under foreclosure, is conferred by statute. Section 6652, Code.

A personal decree should not be entered until after the sale and confirmation by the court, and then, on motion of complainant, a personal decree may be entered against those liable to the payment of the debt and who are properly before the court. Hastings v. Ala. State Land Co., 124 Ala. 608, 26 So. 881; Hall v. Noble et al., 215 Ala. 444, 111 So. 14; Thompson v. Wilson, 224 Ala. 299, 140 So. 439.

While the question seems not to have been heretofore determined by this court, we are of the opinion that a court of equity may in a proper case render a personal decree against the primary obligor for the deficiency, and also a provisional decree against any or all other parties before the court and who are liable secondarily for the satisfaction of the deficiency judgment, and in doing this so mould the decree as to preserve the rights and status of all parties.

We are aware that a different rule applies in actions at law, and that the maker and indorser may not be joined in the same action. Schillinger v. Leary, 201 Ala. 256, 77 So. 846.

This brings us now to a consideration of the decree denying relief to the complainant, Flagg, under his original bill. The sufficiency of this bill was not tested by demurrer, nor do we mean to intimate that it was defective in any particular.

If its averments are true, usury was purposely charged by the said Paxton and Lovelace, and this usury was carried into the face of the notes. The amount of the usurious charge is $345. The respondent in its cross-bill does not deny, as heretofore pointed out, that the indebtedness was and is tainted with usury, but, as to this, says it is not interested in such allegations due to the fact that it is an innocent holder, "for value and in due course, of said notes and mortgage."

The note of testimony made by the respondent Florence Discount Company, on final submission, shows submission "upon original bill and exhibits thereto and answer and cross-bill and exhibits thereto, and upon the following, to-wit: testimony and additional testimony of John D. Ashcraft with exhibits thereto and testimony and additional testimony of R. L. Brown."

The complainant submitted the cause upon the original bill and exhibits thereto and upon the testimony of J. T. Flagg the complainant.

The cause was heard upon the foregoing testimony, and the court could not consider any other testimony. Chancery Rule 75; Allison Lbr. Co. v. Campbell, 225 Ala. 609, 144 So. 574; Turner v. Turner, 193 Ala.

424, 69 So. 503; Sellers v. Farmer, 147 Ala. 446, 41 So. 291, 292.

The testimony of Mr. Flagg is uncontroverted. By his testimony the material averments of his bill were proved. The fact that the respondent Florence Discount Company, as now incorporated, had *no knowledge or notice* that the transaction was tainted with usury, at the time it acquired the notes and mortgage, cannot avail to defeat the complainant's right and clear equity to have the transaction purged of usury.

The question to be here determined is not whether the present Florence Discount Company was a party to or knew of the usurious charge, but whether in the contract as made by and between Flagg on the one hand and Paxton and Lovelace on the other usury was charged, and carried into the face of the notes. If so, the fact the respondent Florence Discount Company may not have known of the usury, and may have purchased the papers in the utmost good faith, for value, and before maturity, will not shut the doors of a court of equity to Flagg, when he comes to have the transaction purged of usury.

This court, in the case of McCormick v. Fallier, 223 Ala. 80, 134 So. 471, 475, in construing section 8567, with reference to usurious contracts, observed:

"The conclusion is inescapable that the statute, by necessary implication, renders contracts made in borrowing money, where usurious interest is contracted for, void ab initio, as to the interest, and no legal liability to pay interest arises from the execution of such contract. To hold otherwise, would be to disregard the positive mandate of the statute, 'Nor shall the borrower of money at a usurious rate of interest *ever in any case* in law or equity be required to pay more than the principal sum borrowed.' (Italics supplied.)

"There being no legal liability to pay such interest, no legal contract for its payment, the contract being void to the extent of the interest, the defense may be made as against a holder in due course. Perry Savings Bank v. Fitzgerald, 167 Iowa, 446, 149 N. W. 497; Sabine v. Paine, 223 N. Y. 401, 119 N. E. 849, 5 A. L. R. 1444; Hanover Nat. Bank v. Johnson, 90 Ala. 552, 8 So. 42; Whitehead et al. v. Coker, 16 Ala. App. 165, 76 So. 484."

We may here and now note that since the rendition of the above decision section 8567 has been amended (Acts 1931, p. 783) to protect the rights of a bona fide holder, but this amendment was made after the notes and mortgage involved in this suit were executed.

At the time the transactions were had between Flagg, Paxton, Lovelace, and Hackworth, the general manager of the original Florence Discount Company, respondents' witnesses Ashcraft and Brown had no knowledge of the transactions, and could give no facts as to the original transaction. As to the original transaction, complainant Flagg's testimony is the only testimony noted which deals with the transaction, and it is, as above indicated, without dispute, and fully supports his bill.

Upon the testimony found in the record, and which was noted, we are at the conclusion the court committed error in dismissing complainant's bill.

It follows that the decree of the circuit court will be reversed, and a decree will be here entered sustaining the demurrers to the cross-bill filed by the respondent Florence Discount Company (the ground pointing out the absence of Lovelace as a party defendant thereto) and vacating and setting aside the decree dismissing complainant's bill, and the cause will be remanded for further proceedings therein in accordance with this opinion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.