38 So.2d 329

## KEMP v. BROWN.

### 6 Div. 797.

Supreme Court of Alabama.

Jan. 20, 1949.

Hiram Dodd, of Birmingham, for appellant.

Wilkinson & Skinner, of Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from a decree overruling a demurrer to a bill in equity.

The bill filed by Brown, appellee, against Kemp, appellant, sought foreclosure of a mortgage, appointment of a receiver, and deficiency decree.

The demurrer was to the bill as a whole. The assignment of error is that the court erred in overruling the demurrer.

Appellant has filed here what is termed a brief. It consists of one page and falls far short of compliance with Supreme Court Rule 10, Code 1940, Title 7, Appendix.

The most that can be said of this so-called brief is that it contains statements which might be construed as contending that the court erred in overruling the grounds of demurrer taking the point (1) that the bill is vague, indefinite, and uncertain; (2) that the bill shows on its face that complainant had an adequate remedy at law; (3) that the bill is multifarious.

The bill is not liable to a demurrer taking the point that it is vague, indefinite, and uncertain.

The foreclosure of mortgages is an original ground of equitable jurisdiction. Carpenter et al. v. First National Bank of Birmingham, 236 Ala. 213, 181 So. 239. It has been repeatedly and continuously held by this court that equity has jurisdiction to foreclose a mortgage notwithstanding there is a power of sale contained in the mortgage. Taylor et al. v. Inzer et al., 227 Ala. 657, 151 So. 846, and cases there cited.

The bill is not multifarious because, in addition to seeking a foreclosure of the mortgage, it prays for a deficiency decree. The last sentence of Equity Rule 119½, Code 1940, Title 7, Appendix, adopted May 31, 1941, is in the exact language of § 6652, Code of 1923, which section was not brought forward into the Code of 1940. It is as follows: " * * * In all cases when an account is taken between parties, execution as at law may issue for the amount of indebtedness ascertained by the decree of the court; *and in all foreclosure suits, or suits for the enforcement of equitable liens, execution may issue for the balance found due after a sale of the property ordered and decreed to be sold."* (Emphasis supplied.)

The right to a deficiency decree is an incident to foreclosure. Flagg v. Florence Discount Co., 228 Ala. 153, 153 So. 177;

Graham v. O'Neal, 242 Ala. 72, 4 So.2d 897. In Hamill v. McCalla, 228 Ala. 281, 283, 153 So. 412, 414, it was said: "While it is not improper to pray for a deficiency decree in the bill (Thompson v. Wilson, 224 Ala. 299, 140 So. 439), the right to enter such a decree, more properly to order execution, exists under the statute without such a prayer, when rendered on motion in a reasonable time."

Nor is the bill multifarious because it prays for the appointment of a receiver. The appointment of a receiver is a mere ancillary remedy sought for the purpose of preserving the property pending the litigation. Baxter v. Fort Payne Co., 182 Ala. 249, 62 So. 42.

The bill does contain averments of fact as to which no relief is sought, but this does not make it multifarious. Burford v. Steele, 80 Ala. 147. A bill having a single object, to which alone the prayer is directed, is not rendered multifarious by allegations merely seeking to negative an anticipated defense. Ware v. Curry, 67 Ala. 274.

The decree appealed from is affirmed.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.