82 So.2d 252

**Ellis F. EDGE**

v.

**W. O. BICE.**

**8 Div. 757.**

Supreme Court of Alabama.

Aug. 18, 1955.

Russell W. Lynne, Decatur, for appellant.

Eyster & Eyster, Decatur, for appellee.

**PER CURIAM.**

This is an appeal by complainant from a final decree, in equity, rendered on a bill filed to redeem land from a mortgage, and the cross bill seeking to foreclose said mortgage.

The note and the mortgage given to secure it were dated August 12, 1949. The note was due and payable "on or before January 15, 1958". Neither the note nor mortgage contained any reference to partial payments and contained no other acceleration clause. Bearing the same date and witnessed by the same notary public, these same parties made a contract of sale and purchase of the same land included in the mortgage. On the same day the seller in that contract (who was also the mortgagee) made a deed to the purchaser (this complainant), reciting full payment of the purchase price which is the same as the consideration recited in the contract. The contract shows the full consideration of $5,500, of which $1,500 was paid in cash with the balance of $4,000 payable in installments. The note and mortgage were for the principal sum of $4,000 "with interest from date" (that means at six percent per annum Title 9, section 60, Code). The contract provides that the balance of $4,000 is payable in one hundred monthly installments of forty dollars each. To the first monthly installment of forty dollars was to be added twenty cents as interest, and on each monthly installment thereafter twenty cents was to be added to the total amount of the preceding installment; so that each would be twenty cents more than the last preceding installment. That is at the rate of six percent per annum on each installment from date to maturity.

It seems to be conceded that the contract, note and mortgage were to be taken together, and mean that the note of $4,000 due on or before January 15, 1958 was to be payable in installments as stated above.

The bill alleges in paragraph 5 "that under and by virtue of terms of the said contract made 'Exhibit A' hereto the complainant had the right and privilege of prepayment of said indebtedness without interest, and that prior to the filing of the bill of complaint in this cause, complainant tendered to the defendant the sum of two thousand and eighty dollars ($2080.00) the balance due on said mortgage, and the said defendant refused and failed to accept the same as payment in full of the said mortgage, on the ground that the same was insufficient, that is to say that interest for the full period of the time of the said mortgage was not included in said sum". This means that complainant had paid forty-eight of the installments, aggregating $1,920 and the interest on them in the sum of $235.20, leaving unpaid the principal sum of $2,080. This amount, without interest, complainant paid into court upon filing the bill and tendered as a full and complete discharge of the balance of the indebtedness, and also offered in the alternative to do equity. He claimed the right to pay that amount without interest by reason of the terms of paragraph 5 of said contract, as follows:

"The purchaser shall have the right to pay off the balance due on the principal plus any unpaid interest and thereby shall be permitted to retire the purchase price without any penalty payment".

Complainant contends that this means that if he pays the installments with interest to that day, as above stipulated, the balance of the principal may be paid in full at that time without paying any interest on it. The trial court did not agree with that construction of the contract. We think the ruling was manifestly correct.

The evidence of witnesses taken orally before the trial judge was not transcribed, as provided by Equity Rule 56 as amended, Code 1940, Tit. 7 Appendix, and is not before this Court. In the final decree the court observed that "the testimony of the witnesses is of little help in resolving the controversy". That probably explains why it was not transcribed. All facts found by the court will be taken as true. We can only consider them and those which are admitted in the pleading. Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321; White v. White, 246 Ala. 507, 21 So. 2d 436.

The court ascertained that the interest on $2,080 from the date of the transaction to the date of filing this suit was $499.20, which is six percent per annum for four years, (that seems to be correct); and

further found that the interest on said $2,080 from the date of filing the suit to the date of the decree at six percent per annum is $41.53, and that an attorney's fee chargeable to complainant is $100, making a total of interest and attorney's fee of $640.53. The court thereupon denied relief to the complainant and granted relief on the cross bill; and rendered a personal judgment against the complainant with a waiver of exemption for said sum of $640.-53 and costs of court. The principal sum of $2,080, by agreement of the parties, was ordered paid by the register to the respondent.

A personal judgment was not appropriate at that time except as to costs. The proper decree would be to allow complainant thirty days in which to pay the sum ascertained, and in default of its payment the property should be sold. If the sale does not produce a sufficient amount, an execution may be ordered on motion to collect the balance, if there is a personal liability then due. Equity Rule 119½, pocket part Code 1940, Tit. 7 Appendix; Graham v. O'Neal, 242 Ala. 72, 4 So.2d 897; Flagg v. Florence Discount Co., 228 Ala. 153, 153 So. 177; Hamill v. McCalla, 228 Ala. 281, 153 So. 412; Hall v. Noble, 215 Ala. 444, 111 So. 14; Hastings v. Alabama State Land Co., 124 Ala. 608, 26 So. 881; Baker v. Young, 90 Ala. 426, 8 So. 59; Teal v. Lewis, 85 Ala. 218, 4 So. 695; Johnson's Adm'r v. Ward, 82 Ala. 486, 2 So. 524; Presley v. McLean, 80 Ala. 309; Winston v. Browning, 61 Ala. 80, 84.

The decree of the trial court should be here so modified as to eliminate any personal judgment against complainant except for the costs, and to allow complainant thirty days in which to pay into the circuit court, in equity, the sum of $640.53 for the respondent and the costs of the circuit court in the cause. If that is not done, the trial court should make such decree of sale as may be appropriate to effectuate the right of cross complainant to a foreclosure of the mortgage.

On account of the necessity to correct the error in the decree the costs of appeal should be taxed against appellant and appellee in equal amounts.

Appellee in briefs calls attention to the failure of appellant to certify that a copy of the assignments of error had been served on appellee as required by amended Supreme Court Rule 1. The record is silent as to that, and no attention was directed to it on the submission of the case in this Court. That was a waiver by appellee of the requirement. It is not jurisdictional.

It is also insisted that we should not consider the merits of the appeal because appellant's brief did not comply with Rule 1, supra. But we have held that when appellant's brief does not comply with the rule, if it fairly and helpfully makes the points upon which appellant relies the Court may in its discretion consider those points on their merits. Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579; Schmale v. Bolte, 255 Ala. 115, 50 So.2d 262.

The decree of the trial court should be modified, as indicated above, and affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Modified and affirmed.

LAWSON, SIMPSON, GOODWYN, MERRILL and MAYFIELD, JJ., concur.