# CASES ARGUED AND DECIDED

—IN THE—

# SUPREME COURT OF MISSISSIPPI

—AT THE—

## MARCH TERM, 1894.

BARBER BROS. ET AL. *v.* MANIER & CO. ET AL.

RECEIVER. *Appointment. Pending cause.*

> The appointment of a receiver can only be made in a pending cause. It cannot be made before bill filed. *Hardy* v. *McClelland,* 53 Miss., 507.

FROM the chancery court of Lauderdale county.

HON. SYLVANUS EVANS, Chancellor.

On Sunday, December 27, 1891, the appellees presented to the chancellor, in vacation, a creditor's bill against appellants, seeking to set aside as fraudulent certain conveyances, and to subject certain property to their debts. The bill prayed for the appointment of a receiver, and averred that an immediate appointment was necessary. On presentation of the bill, in advance of filing the same, and without any notice to defendants, an order was made for the appointment of a receiver. On the next day the bill was filed and process was issued for the defendants. On December 30, without notice to defendants, the chancellor made an order authorizing the filing of

an amended bill, and directed the receiver to interpose claims for certain property of the defendants levied on under writs of attachment, and directing the defendants to deliver to him certain money and property described in the bill. On the same day the defendants prayed and obtained an appeal.

*Hamm, Witherspoon & Witherspoon* and *Miller & Baskin,* for appellants.

Before bill filed there was no pending case, and the chancellor had no jurisdiction to appoint a receiver. *Hardy* v. *McClelland,* 53 Miss., 507. A chancellor cannot know that there will be litigation until a bill is filed. If the law were otherwise, after obtaining a decree, the complainant might never file his bill. There would be no power to compel him to do so. There would be the case of a decree entered on the minutes, and a receiver giving bond and taking possession of property, without a pending suit to give the court jurisdiction.

No counsel for appellees.

Cooper, J., delivered the opinion of the court.

The chancellor erred in making the order for the appointment of a receiver. The order was made on Sunday, without notice, and before the complainants had commenced their suit by filing their bill in court. There was no pending suit when the order was made. *Hardy* v. *McClelland,* 53 Miss., 507; *Pressley* v. *Harrison,* 102 Ind., 14; Beach on Receivers, § 117.

*Decree reversed and cause remanded.*