## Estes *v.* Bank of Walnut Grove *et al.*

(Division A. February 4, 1935. Suggestion of Error Overruled, March 18, 1935.)

[159 So. 104. No. 31396.]

**O. B. Triplett, Jr.,** of Forest, and **Wm. I. McKay,** of Vicksburg, for appellant.

**W. T. Weir,** of Walnut Grove, for appellee, Bank of Walnut Grove.

Green, Green & Jackson, of Jackson, and **Dufour, St. Paul, Levy & Miceli**, of New Orleans, Louisiana, for appellees.

504

Argued orally by **Garner Green,** for appellant.

**McGowen, J.,** delivered the opinion of the court.

On March 1, 1933, Frank A. Estes, appellant, filed an attachment suit against the Bank of Walnut Grove, a banking corporation domiciled and doing business in Leake county, Mississippi, the Hibernia Bank & Trust Company, a banking corporation domiciled in New Orleans, Louisiana, and, as garnishee defendant, the Tchula Co-operative Store (hereafter called the Tchula Store), a corporation alleged to have been domiciled in Holmes county, Mississippi. It was alleged that the Tchula Store was indebted to the Hibernia Bank & Trust Company, and that the Bank of Walnut Grove and the Hibernia Bank & Trust Company had been negligent in the collection of a certain check, and that each of them was jointly and severally liable to the appellant, Estes, for the amount of said check. During the month of March, 1933, process by publication in a newspaper was had for the Hibernia Bank & Trust Company, and process was issued for the Tchula Store directed to the sheriff of Holmes county, whose return thereon showed that it could not be found in Holmes county, nor did it have any agent upon whom process could be served therein.

Subsequently, in June, 1933, process was served upon Walker Wood, secretary of state, by the sheriff of Hinds county, as the agent of the Tchula Store.

The Hibernia Bank & Trust Company and the Tchula Store filed separate motions to quash the attachment and dismiss the bill as to each of them; the bank appearing by its receivers appointed in the parish of Orleans, state of Louisiana. They each alleged that they appeared merely for the purpose of making their motions to quash. In May, 1933, the Bank of Walnut Grove filed a general demurrer to the bill, and thereupon the cause was continued. In January, 1934, the Bank of Walnut Grove filed its motion to dismiss the cause for lack of jurisdiction on the ground that it was not domiciled in Holmes county and never had been.

Upon the hearing the several motions to quash were all sustained, and the bill was dismissed as to each of the defendants. Estes appeals here.

The facts of the motions not in dispute are that the Tchula Store was granted a charter on November 3, 1888, under chapter 38, section 1027 et seq. Revised Code of 1880, which recites, among other things, the following: "The domicile of said company shall be at Tchula, Holmes county, Mississippi, or at such other place as the majority of the stockholders in value may determine."

The minute book of the corporation showed the following action by the stockholders on January 1, 1916: "It was resolved by the board of directors and stockholders unanimously that the annual meeting of the stockholders and the annual meeting of the board of directors shall be changed from the present place and time of meeting to meeting at the office of the company in the Planters Bank Building in Clarksdale, Mississippi, on the first Monday in January of each year until further order, and this shall be hereafter the regular meeting place of said stockholders and board of directors. And said resolution was

then and there put to a vote by the president and u-nanimously adopted and carried.''

Subsequently there appears the following, which seems to have been adopted by all of the stockholders of the corporation:

''The regular annual meeting of the stockholders of this corporation shall be held at the general office of the corporation in the city of Clarksdale, Mississippi, on the first Saturday of February in each year;'' thereafter, the following resolution was passed:

''Be it resolved, that the annual meeting of the stockholders and directors shall hereafter be held in the city of Greenville, county of Washington, state of Mississippi, at the office of the company there established, and that the bylaws of the corporation be accordingly amended.''

On February 3, 1930, it was resolved that the stockholders' meeting be held in the office of the company at Leland, Mississippi, and not at Greenville.

The motions alleged that the Tchula Store had not done any business in Holmes county, Mississippi, for many years, but had been domiciled in Washington county, where it operated, and is now operating, large planting interests, and that it was not subject to attachment in Holmes county; that it had its office in Leland in charge of an officer of the corporation who was its vice-president and manager.

There was introduced in evidence a certificate of the secretary of state that no amendment of the charter had been filed in his office, and that no agent had been named as required by law.

There was no allegation in the bill that the Hibernia Bank & Trust Company was doing business in the state of Mississippi. It is, and was, a nonresident banking corporation. Neither was there an allegation in the bill attempting to lodge jurisdiction in the chancery court of Holmes county, save and except the allegation that

the domicile of the Tchula Store was in Holmes county. If the domicile of the Tchula Store was not in Holmes county, then, as to the Hibernia Bank & Trust Company and the Tchula Store, the action of the court below in quashing the attachment and dismissing the bill was correct.

It is the substantial contention of the appellant that by his bill the court acquired jurisdiction of all the parties hereto, because the Tchula Store was domiciled in Holmes county; the charter having fixed· that county as its domicile. He asserts that the stockholders were without the power to change its domicile, and, if they had the power, they had not done so.

By chapter 38, section 1028, Rev. Code 1880, corporations were granted charters, upon complying with certain conditions, when approved by the governor upon the advice of the attorney-general and attested by the secretary of state, but this section does not require a domicile to be named in the charter. Section 1031 thereof defines the powers of the corporations so created, but in no way undertakes to regulate or control the stockholders as to the fixing of a domicile.

We think, therefore, that the language of this charter relative to its domicile was not prohibited by any statute, and that the grant therein to the stockholders to change its domicile was a matter of internal management which did not require an amendment of the charter.

It will be observed that the domicile was not absolutely fixed by the charter, but was fixed alternatively at Tchula or at such other place as the majority of the stockholders in value should determine. The right granted by the state to change the domicile is the same as if a statute had been passed to that effect by the Legislature. Indeed, in the early days of the legislative history of the state, charters were granted by legislative enactment.

The grant here under consideration in no wise violates the statutes or Constitution of this state.

Section 11, chapter 90, Laws of 1928, section 4140, Code of 1930, provides that process may be served upon the secretary of state, and requires that all corporations name and file with the secretary of state an agent upon whom process may be served, and, if the corporation fails to name and file such agent, the secretary of state is regarded as the agent so that no great inconvenience to the public is occasioned by the grant. This grant or right to change the domicile is not inimical to public policy or private right.

In 14 C. J., p. 339, we find this statement: "Where the place of the chief office of a corporation is not designated by its charter, vote of its stockholders, or resolution of its directors, it is where its stockholders and directors usually meet, where it elects its officers, and conducts its financial operations."

But here the right to fix another domicile than Tchula is expressly granted in the charter which, as we have seen, is equivalent to a statute to that effect.

In 14 C. J., section 417, we find the following language: "It cannot change such domicile or resident at will, but only as authorized by statute, by authorized corporate action, and by complying substantially with the requirements of the statute. If, however, its domicile or residence within the state is not thus fixed by law, and in the absence of statutory prohibition it may at any time lawfully change the same to another place within the state. The general rule that a legal domicile or residence once established remains until a new one is acquired, and that a purpose to change such residence, unaccompanied by actual removal or change of abode, does not constitute a change of domicile, is applicable to corporations."

In the case at bar, there being no property in Holmes county subject to the garnishment writ—the equivalent of

attachment—the writ must stand upon the jurisdiction of the court of the garnishee, the Tchula Store, which had moved its property, its office, and its place of meeting of the stockholders to another county, as permitted by its charter. It was no longer a resident of Holmes county. It had exercised the power granted by its charter and had fixed its domicile in Washington county. It appeared that in one of the resolutions all the stockholders voted for a change of domicile, which was effective and effectual to remove the corporation from Holmes county.

It therefore follows that there was no territorial jurisdiction of the Hibernia Bank & Trust Company, and the Tchula Store, the garnishee, in Holmes county, and the court below so held. Section 495, Code of 1930.

Relative to the Bank of Walnut Grove, the appellant contends that, because said bank filed a demurrer, and later a plea to the jurisdiction, or a motion to dismiss for want of jurisdiction, it entered its appearance for all purposes, and cites 67 C. J. 131, section 214, and Catlett v. Drummond, 113 Miss. 450, 74 So. 323, in support thereof.

It has been held that filing a general demurrer, before challenging the venue, constitutes a general appearance and a waiver of the right thereafter to file a dilatory plea. Schirling v. Scites, 41 Miss. 644, and Cole v. Johnson, 53 Miss. 94.

The complete answer, in our opinion, is that this point was not raised in the lower court at all. The general demurrer was ignored by all the parties. This point was not raised by the appellant in the court below, nor in this court, until he filed his reply brief here, so far as the record discloses. The case was heard as though the demurrer was not in existence; therefore appellant waived the point.

The venue in Holmes county and the jurisdiction of the

court were based upon the allegation that the Tchula Store was a debtor of the Hibernia Bank & Trust Company, a foreign corporation, and the remedy sought as to the Hibernia Bank & Trust Company and the Tchula Store was by attachment in chancery. Sections 173 and 174, Code of 1930.

The bill alleged, on its face, that the Tchula Store, the resident codefendant, was domiciled in Holmes county. The action as to the Bank of Walnut Grove was a suit at law for negligence. There was neither privity nor connection between the Tchula Store and the Bank of Walnut Grove. The latter was alleged to be doing business and domiciled in Leake county, Mississippi. No property or effects were levied on, nor was there any defendant domiciled or residing in Holmes county.

Another answer is that, by reason of section 379, Code of 1930, pleas in chancery are abolished, and all pleas in bar and in abatement and demurrers are now permitted to be a part of the answer, so that the order of pleading in the chancery court is vested, by statute, in the discretion of the chancery court. See Griffith's Chancery Practice, section 245.

In our opinion, there is no reversible error in the action of the court below.

Affirmed.