## Brashier *v.* J. C. O'Connor & Sons *et al.*

(Division B.  April 4, 1938.)

[180 So. 67.  No. 33110.]

Wm. Edwards, of Shubuta, **H. F. Case**, of Quitman, and **A. B. Case**, of Waynesboro, for appellant.

**Jeff Collins,** of Laurel, for appellees.

**E. R. Holmes, Jr.,** Assistant Attorney-General, for State Highway Commission.

Argued orally by **Hal F. Case,** for appellant, and by **Jeff Collins,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, Brashier, filed his bill in the chancery court of Clarke county against the appellee J. C. O'Connor & Sons, a foreign corporation, and Earl Hurst, L. O. Hurst, and Maurice Hurst, nonresidents of the state, and the Mississippi State Highway Commission. On motion of

defendants the cause was dismissed upon the ground that the territorial jurisdiction was in the chancery court of Wayne county and not in the chancery court of Clarke; from which decree the appellant prosecutes this appeal.

The bill alleged that J. C. O'Connor & Sons had made a contract with the highway commission for the construction of a certain highway described in the bill; that subsequently and prior to the beginning of the work, Earl Hurst, as agent and representative of J. C. O'Connor & Sons, being authorized so to do, subcontracted with appellant to do certain grading and hauling in connection with the project; that subsequently appellant undertook and did a large part of the work; that thereafter L. O. Hurst and Maurice Hurst purchased from appellant certain trucks for which they agreed to pay him the sum of $7,500; that J. C. O'Connor & Sons were indebted to appellant in approximately the sum of $12,000, for work done in the performance of his contract, and that L. O. and Maurice Hurst were indebted to appellant in the sum of $2,992.50, the balance due on the purchase price of the trucks; that the highway commission was indebted to J. C. O'Connor & Sons under their contract with it "in a large sum of money." The highway commission was attempted to be made a garnishee defendant for the purpose of impounding the money due J. C. O'Connor & Sons. The three Hursts were found and served with summons in Wayne county, the summons for J. C. O'Connor & Sons was served on Walker Wood, Secretary of State, and for the state highway commission on E. L. Atkinson, its secretary. But the highway commission was neither served with a copy of the bill, nor was there indorsed on the summons the nature and object of the suit and that it was for the purpose of subjecting any effects in the custody of the highway commission belonging to J. C. O'Connor & Sons, or any indebtedness of such highway commission to J. C. O'Connor

& Sons, to appellant's demand, as required by section 174, Code of 1930. There was nothing on the face of the process to show that it was a proceeding by attachment in chancery for the purpose of impounding any amount due by the highway commission to J. C. O'Connor & Sons to the payment of appellant's claim.

The bill alleged that J. C. O'Connor & Sons was a foreign corporation domiciled at Fort Wayne, Ind., and that the three Hursts were nonresidents of this state, residing temporarily in Wayne county at Waynesboro, and that the Secretary of State had been duly appointed by J. C. O'Connor & Sons as resident agent for the purpose of service of process. All the defendants demurred to the bill, and at the same time made a motion to change the venue to Wayne county, one ground of which was "the bill of complaint shows on its face that it is a matter for the determination of the Chancery Court of Wayne County." Later all the defendants joined in the motion, which was sustained to dismiss the bill, one ground of which was that the territorial jurisdiction of the cause was in the chancery court of Wayne county, and not in the chancery court of Clarke county.

Oral testimony was taken on the motion to dismiss. It showed, as the bill alleged, that the defendants J. C. O'Connor & Sons and the three Hursts were all nonresidents of Mississippi and residents of the state of Indiana; that at the time of the filing of the bill and service of summons on the three Hursts they were temporarily in Wayne county engaged in road construction in that county. The evidence showed, however, that the notes for the purchase price of the trucks were payable at a bank in Clarke county.

The chancery courts in this state have their own venue statute, section 363, Code of 1930. The jurisdiction in this case is covered by the last clause of that statute which, in substance, is that all cases not otherwise provided for may be brought in the chancery court of any county where

the defendant, or any necessary party defendant, may reside or be found. Griffith's Mississippi Chancery Practice, sections 151 and 155; Oliver v. Loye, 59 Miss. 320; Archibald v. Railroad Co., 66 Miss. 424, 6 So. 238. As stated, three of the defendants, the Hursts, were found in Wayne county where process was served on them. The fact that the purchase-money notes for the trucks referred to were payable in another county had nothing to do with the territorial jurisdiction of the court.

Appellant argues that the plea to the jurisdiction was waived by the filing of the demurrers. Section 379, Code of 1930, makes radical changes in the former rules of chancery pleading and practice. It abolishes all pleas in bar and in abatement, and all defenses are permitted to be made a part of the answer. The disposal of pleadings is vested by the statute largely in the discretion of the chancery court, and that is true of pleas to the jurisdiction as well as others. Griffith's Mississippi Chancery Practice, section 337; Estes v. Bank of Walnut Grove, 172 Miss. 499, 159 So. 104. As stated, with the demurrers the defendants filed a motion to transfer the cause to the chancery court of Wayne county, one ground of which was a lack of territorial jurisdiction in the chancery court of Clarke county. Later, they filed a motion to dismiss upon that ground. The court, in its decree sustaining the motion, used this language: "be and the same is hereby dismissed for want of jurisdiction and venue." Although the demurrers were pending and undisposed of, the motion to dismiss was first called up and acted upon. By this method of procedure the appellant was not put to any unnecessary delay and expense. We are of the opinion that there was no abuse of discretion by the chancellor in disposing of the matter in this manner.

Appellant argues that the court in dismissing the bill necessarily passed on the merits of the case. That is not true; the only question involved and passed on was one of venue.

There is no statute authorizing the court to transfer a case of this kind to the chancery court of the proper venue; there ought to be, however.

Affirmed.