McRae *v.* Ashland Plantation Co. *et al.*

(Division B. Jan. 8, 1940. Suggestion of Error Overruled Feb. 19, 1940.)

[192 So. 847. No. 33922.]

James **O. Eastland,** of Ruleville, and **Sam L. Gwin,** of Greenwood, for appellant.

**H. Talbot Odom** and **P. D. Montjoy, Jr.,** both of Green-wood, for appellees.

Argued orally by **H. Talbot Odom**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

The decree here appealed from, rendered by the Chancery Court of Humphreys County, dismissed the bill of complaint of the appellant as to all of the appellees, without prejudice, on the ground that the local resident named therein had been improperly joined as a defendant for the purpose of conferring territorial jurisdiction in that county, and for other reasons hereinafter mentioned.

As purchaser and assignee of certain claims or demands of eleven negro tenants against their landlords, respectively, for alleged usurious interest charges, forfeiture of principal, and failure to fully account for the price received for cotton produced by such tenants during the years of 1937-1938, the appellant brought this suit against the appellees, Silver Creek Company, a corporation under the laws of this State, domiciled in Coahoma County until its dissolution by decree of court in November, 1937; Ashland Plantation Company, which was likewise a Mississippi corporation, domiciled in Leflore County; the Berkshire Fine Spinning Associates,

a Massachusetts corporation, the post-office address and place of residence or domicile of which are not stated; E. M. Herr, a resident citizen of Leflore County, who was the general superintendent of the Ashland Plantation Company and its duly appointed agent for service of process; and Richard Kinkead, a resident citizen of Humphreys County, who is alleged to have been the superintendent of the Silver Creek Company in said county.

Service of process was had on both the Ashland Plantation Company and Silver Creek Company in Leflore County only, by delivering a copy thereof to the said E. M. Herr, as agent. The only process issued for the Berkshire Fine Spinning Associates, the non-resident corporation was directed to the Sheriff of Humphreys County, and the return thereon shows that it was served on Richard Kinkead, as manager. Summons was also served on Kinkead personally as an individual defendant.

The theory upon which the nonresident defendant was alleged to be liable for the claims sued on was that it owed the capital stock of the Silver Creek Company and Ashland Plantation Company, and that the three corporations had the same personnel on their boards of directors, etc. However, the chancellor was in our opinion amply warranted in reaching the conclusion from the allegations of the bill of complaint that the non-resident corporation was not a necessary or material defendant, since it clearly appears that some of the appellant's assignors were tenants on the plantation operated by the Silver Creek Company in Humphreys County while the remainder of them were tenants on lands in said county which were being farmed by the Ashland Plantation Company, and neither of which said domestic corporations were shown to have been found in Humphreys County, the process for each of them having been served as aforesaid on E. M. Herr, as their agent in Leflore County.

The fact that the cause of action may have accrued in

Humphreys County is immaterial in so far as chancery court venue is concerned. As was said in the case of Brashier v. J. C. O'Connor & Sons et al., 181 Miss. 872, 180 So. 67, 69. "The chancery courts of this state have their own venue statute, section 363, Code of 1930." In all cases not otherwise provided for, such as the case at bar, the venue is in the county where a necessary party defendant may reside or be found.

As to the defendant Kinkead, he is alleged to have been the superintendent of the plantation in Humphreys County, "commonly known as the Silver Creek property," and directed the farming operations, contracted with the laborers and settled for the labor thereon, and marketed and sold the cotton grown on said plantation. It was neither alleged that he kept the books nor that he personally received any part of the proceeds from the sales of cotton grown by any of the tenants who assigned their claims to the appellant. Moreover, after the bill of complaint had been prepared, naming the said Kinkead as an individual local defendant, and before it was filed with the clerk, the record shows without dispute that an agreement was reached with said defendant's regular attorney that if he would become associated with appellant's attorneys in the litigation "he could tell Mr. Kinkead that he would not be hurt by the suit." Therefore, the court below was not in error in dismissing the suit, without prejudice, as to all of the defendants, for want of a necessary party defendant in Humphreys County at the time the bill of complaint was filed. Griffith's Chancery Practice, Section 156; Section 363 of the Code of 1930; Trolio et al. v. Nichols, 160 Miss. 611, 612, 132 So. 750, 133 So. 207; and Brashier v. O'Connor et al., supra. Even though the appellant did not intend, at the time the bill of complaint was prepared, to make any agreement with the local defendant to save him harmless in the litigation, the fact remains that at the time the suit was actually filed it was understood that he was not to be "hurt" by the suit; and he was therefore no

longer a necessary defendant except for the purpose of giving the chancery court of Humphreys County territorial jurisdiction. This is true notwithstanding that the agreement was made as an inducement to his attorney to accept employment from the appellant. The question here is whether at the time the suit was filed he was a necessary defendant in view of the agreement, without regard to the consideration which brought it about.

The appellant also contends that the court below was in error in removing a receiver who had been appointed, without notice, to take charge of and safely keep, until the further order of the court, the books of account, records, documents, ledgers, journals, cash books, gin records, cotton books, the account of the sales of cotton and cottonseed, tenants accounts, and all other records, papers and documents pertaining to the business of any of the corporate defendants; and in assessing damages against the appellant and the sureties on his bond in connection with the appointment of the receiver without notice.

It is stated in Section 470 of Griffith's Chancery Practice that, ''while a receiver may be appointed at any stage of the case and whenever the necessity arises or is shown, no receiver will ever be appointed except in a suit already pending on the docket. Consequently, if the appointment be made before the bill therefor is actually filed the appointment is void.'' In support of this statement of the rule, there is cited the cases of Barber v. Manier, 71 Miss. 725, 15 So. 890; Bank of Meadville v. Hardy, 94 Miss. 587, 591, 48 So. 731. In the case at bar, the proof discloses that the bill of complaint was not filed in the office of the chancery clerk in Humphreys County on March 31, 1939, until after the order appointing the receiver had been signed earlier that day in an adjoining county. Hence there was no suit pending on the docket when the appointment was made.

But, the decree of the chancellor which removed the receiver, discharged the receivership, and awarded dam-

ages, need not rest alone upon the legal objection here-inabove mentioned. It developed from the proof on the hearing that the receiver, who had been appointed merely for the purpose of safely keeping the books and records aforesaid to await the further orders of the court, either wilfully or negligently permitted an auditor to have access to the records, private papers and documents of the defendants for a period of six to eight weeks, during which time he made an audit thereof for the appellant and his attorneys, and for other persons who were not parties to the litigation, and all without authority from the court. Having thus, by means of the receivership and audit, illegally gained access to the information contained in these books, records, etc., the appellant made bold to serve notice on the receiver, at the hearing of the motion filed by certain of the appellees to discharge the receivership and dismiss the bill of complaint for want of territorial jurisdiction, that the appellant and other persons had succeeded in acquiring claims against the defendants, disclosed by such audit, similar to those here sued on, aggregating between $226,000 and $275,000, the majority of which are alleged to be held by appellant. In other words, the appellant sued for an accounting and then proceeded to open the books, which the receiver had sealed up, and take an accounting for himself and on behalf of other persons who were strangers to the lawsuit, without the court having first ordered an accounting to be had.

If these claims are due and owing for usurious rates of interest charged and for failure to correctly account for the proceeds of cotton sold, as claimed, or otherwise, then the courts will lend their aid, if invoked in a lawful manner, to the enforcement of their payment. To that end, the law makes ample provisions as to how an inspection of books and records may be had, with the privilege granted to take copies, and under certain circumstances their production in court may be required, but the courts must preserve the integrity of legal process against such

a flagrant abuse as is disclosed by the record in the case at bar. The action of the chancellor in dismissing the bill of complaint, without prejudice, and in removing the receiver and assessing only such damages as would constitute a reasonable attorney's fee, was a considerate and lenient exercise of the court's authority and a reasonable performance of its duty in the premises.

Affirmed.