56 So.2d 114

**BAGWELL STEEL CO. v. TINKER.**

**6 Div. 182.**

Supreme Court of Alabama.

Oct. 4, 1951.

Rehearing Granted Dec. 6, 1951.

Rehearing Denied Jan. 24, 1952.

J. P. Mudd and Sirote, Permutt & Friend, all of Birmingham, for appellant.

Lipscomb & Brobston and Jas. M. Hamrick, all of Bessemer, for appellee.

BROWN, Justice.

The appellee M. A. Tinker filed suit March 9, 1950, to recover compensation under the provisions of the elective Workmen's Compensation Act, Code 1940, Tit. 26, § 270, for an injury which he alleged that he received as the result of an accident arising out of and in the course of his employment. The defendant (appellant here) contested his right to compensation on the ground that he did not receive the injury as the result of an accident arising in the course of his employment, but that he was injured in consequence of his own negligence or wrongful act,—becoming intoxicated while on duty.

The case was heard before the court without a jury on September 27, 1950, on testimony and documentary evidence, the testimony of the witnesses being given in open court, resulting in a judgment awarding compensation on September 27, 1950. The defendant filed motion for new trial which was heard by the court and overruled on October 20, 1950. The petition for writ of certiorari was filed December 5, 1950,— after the expiration of thirty days from the date of the judgment and also from the date of the order overruling the motion for a new trial.

Section 297, Title 26, Code of 1940, regulating the manner and time within which appeals must be taken in subsection E provides: "*Appeal by certiorari.* From such decree any aggrieved party may by certiorari within thirty days thereafter appeal to the supreme court or the court of appeals of Alabama."

Taking an appeal within the time prescribed by the statute is jurisdictional.

Exchange Distributing Co. v. Oslin, 229 Ala. 547, at page 549, 158 So. 743, and authorities cited in paragraph one of the opinion.

The appeal therefore will be dismissed. Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

## On Rehearing

BROWN, Justice.

The petition for certiorari filed with the Clerk of this Court is the only pleading invoking the jurisdiction of this Court to review a judgment in compensation cases. It must appear on its face that it was filed within 30 days from the rendition of the original judgment or the overruling of the motion for new trial, if such motion was duly filed. Code of 1940, Title 26, § 297.

When the instant case came to the attention of the writer after its submission, the second page of the petition was not in its proper place, but was attached to the back of the exhibit to the petition, and hence was not brought to the attention of the Court until after the judgment entered dismissing the appeal. That page has been placed in its proper setting and it now appears that the petition was filed within 30 days from the final overruling of the motion for new trial and that it was error to dismiss the appeal.

The judgment of the Court dismissing the appeal will be vacated and the cause will be considered on its merits.

The suggestion of the necessity for a reviver of the appeal against the administrator of the estate of the deceased workman is without merit. Where a case has been duly submitted to the Court and while under submission one of the parties dies, it is not necessary to revive. The judgment here entered relates back to the original submission of the case.

On the appeal by certiorari from such judgments the review is limited to questions of law,—whether the finding of fact required by the statute and entered in the judgment is sufficient to support the judgment and whether or not there is any legal evidence tending to support said finding of fact. This is recognized by the appellant here in the statement in brief which we quote: "The defendant recognizes that this Honorable Court is not concerned on appeal with conflicts in proof or the weight of evidence. It is established that the Supreme Court will not disturb the Trial Court's findings and judgment supported by any *reasonable* view of the evidence. Randle v. Dumas, 229 Ala. 396, 157 So. 218 (Italics ours).

The appellant also affirms the conclusion of the trial court as to the amount of award for compensation. The appellant's brief states: "We respectfully submit that, even using the appellee's own method of calculation, namely the employee's testimony in the record, page 14, the finding of the court is entirely correct on the question of the weekly compensation to be paid the employee, if any were due him. We hasten to add, however, that it is only in this aspect of the trial court's decree do we find it possible to agree with its finding." See Agricola Furnace Co. v. Smith, 239 Ala. 488, 195 So. 743; Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345; Woodward Iron Co. v. Dean, 217 Ala. 530, 117 So. 52, 60 A.L.R. 536.

We are, therefore, of opinion that the judgment is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.