95 So.2d 815

**W. L. JACKSON**

v.

**A. H. PARK.**

8 Div. 890.

Court of Appeals of Alabama.

May 28, 1957.

J. W. Sherrill, Jr., Decatur, for appellant.

Eyster & Eyster, Decatur, for appellee.

CATES, Judge.

Jackson, the defendant below, appeals from a judgment of the Morgan County Court awarding $300 property damages because of an automobile collision on the Tennessee River bridge north of Decatur, Alabama on July 2, 1954.

Before submission Park made a written motion that the appeal be dismissed and the judgment below be affirmed because (a) the transcript does not contain a certificate that appellant has served appellee with a copy of, the assignment of errors and (b) that in fact no copy was served upon appellee or his counsel.

We consider Supreme Court Rule No. 1, Code 1940, Tit. 7 Appendix has been invoked. An assignment of errors being an instrument of appellate pleading should be available to one's opponent, and, as here, where the brief does not. contain the assignment either literally or by a .fair para-

phrase, the opponent is put in the position of having nothing to reply to.

We distinguish this case from Tuscaloosa Motor Co. v. Cockrell, Ala.App., —— So.2d ——.

The jury had been instructed when Jackson asked leave to file a plea of contributory negligence. The refusal was within the court's discretion and therefore free of error, Life & Casualty Co. of Tennessee v. Street, 213 Ala. 588, 105 So. 672. We mention this to illustrate that, though we have bottomed our affirmance upon the adjectival grounds of a failure to deliver the assignment and to specify the assignments to which the argument and points of law in the brief should be addressed, nevertheless we consider the substantive merits likewise call for the judgment below to be

Affirmed.