104 So.2d 782

**DEPARTMENT OF INDUSTRIAL RELATIONS**

v.

**Marie D. SIMMS.**

**8 Div. 172.**

Court of Appeals of Alabama.

Aug. 19, 1958.

J. Eugene Foster and Richard S. Brooks, Montgomery, for appellant.

Thos. C. Pettus, Moulton, for appellee.

HARWOOD, Presiding Judge.

Counsel for appellee has filed a motion to dismiss this appeal, and to affirm the judgment on the grounds:

1. That the transcript does not contain a certificate that appellant has served appellee with a copy of the assignment of errors.

2. That no copy of appellant's assignment of errors was, or has been, served upon appellee or her counsel.

3. That no assignment of error was bound with the transcript which is on file with the circuit clerk below, or in the copy of the transcript which was delivered to counsel for appellee.

Supreme Court Rule 1, Code 1940, Tit. 7 Appendix, provides that:

"Such assignments shall be written or typed upon transcript paper and bound with the transcript, and shall bear the certificate of the appellant, or his counsel, that a copy of the same has been served upon the appellee or his counsel."

█ The motion filed by counsel for appellee is sworn to, and therefore must be taken as true. No reply to the motion has been filed.

In Edge v. Bice, 263 Ala. 273, 82 So.2d 252, 254, the appellee, in brief, "calls attention to the failure of appellant to certify that a copy of the assignments of error had been served on appellee as required by Supreme Court Rule 9(10). The record is silent as to that, and no attention was directed to it on the submission of the case in this Court. *That was a waiver by appellee of the require-*

*ment.* It is not jurisdictional." (Italics supplied.)

No waiver of the requirement is present in this case, since appellee has timely filed his motion to dismiss, and in his brief to the merits specifically sets forth that by filing the brief appellee is not waiving her motion to dismiss the appeal.

In the recent case of Tuscaloosa Motor Company, Inc., v. Cockrell, Ala.App., —— So.2d ——, this court, in an opinion prepared by Price, J., concluded that it would not strike appellant's assignment of errors because of the absence of a certificate of service upon appellee, where it was shown in the answer to the motion that a copy of the assignments of error had been bound in record delivered to counsel for appellee some six weeks prior to the filing of appellee's brief in which appellee joined issue on each error assigned. This for the reason that appellee could not have been injured in the premises.

The facts of the Edge v. Bice and Tuscaloosa Motor Company cases, supra, differ so materially from the factual situation of the present case as to destroy their applicability to the present case.

■ The suing out of an appeal is analogous to the institution of a new suit. The assignment of errors takes the place of the complaint. Among its purposes is that of informing an appellee of the precise error relied upon. Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568. It should be available to one's opponent. Jackson v. Park, ante, p. 138, 95 So.2d 815.

■ It is our conclusion that the motion of appellee is well taken and must be granted.

Appeal dismissed.