121 So.2d 103

**BOARD OF EDUCATION OF COLBERT COUNTY et al.**

v.

**Forrest L. MITCHELL et al.**

8 Div. 34.

Supreme Court of Alabama.

May 26, 1960.

Chas. E. McCutchen, Tuscumbia, for appellants.

Arthur D. Shores, Birmingham, for appellees.

LAWSON, Justice.

Counsel for appellees prior to submission filed a motion to dismiss this appeal and to affirm the judgment on the grounds: (1) The transcript does not contain an assignment of error. (2) No assignment of error was served upon the appellees. (3) Brief of appellants did not contain any assignment of error.

Supreme Court Rule 1, Code 1940, Title 7, 1955 Cum.Pocket Part, provides:

"In assigning errors, it shall be sufficient to state concisely, in writing, in what the error consists. Such assignments shall be written or typed upon transcript paper and bound with the transcript, *and shall bear the certificate of the appellant, or his counsel, that a copy of the same has been served upon the appellee or his counsel.* The words, 'There is no error in the record,' written or typed following the assignments of error, or contained in appellee's brief, shall be sufficient joinder in error." (Emphasis supplied.)

The requirement that a copy of the assignments of error be served on appellee may be waived, and is waived, when no attention is directed to such failure on the submission of the case in this court. Edge v. Bice, 263 Ala. 273, 82 So.2d 252.

But no waiver of the requirement is present in this case since appellees timely filed their motion to dismiss and affirm. Appellees have filed no brief on the merits.

Appellants have filed an answer to the appellees' motion to dismiss and to affirm the judgment wherein it is averred that the transcript does contain assignments of error; that the rules of this court do not require the service of assignments of error on appellee; that the rules of this court do not require that the appellant's brief contain an assignment of error as such.

The record does contain assignments of error. But there is no certificate of the appellants, or of their counsel, that a copy of the assignments had been served upon appellees or their counsel.

Of course, the appellants are in error in stating that the rules of this court do not require the service of assignments of error on an appellee. The answer does not aver that assignments of error were served on appellees or deny the averments of the motion to dismiss and affirm to the effect that no such assignments of error were served on appellees.

An assignment of error is an instrument of appellate pleading. It should be available to one's opponent, and where, as here, a copy of the assignments of error was not served on appellee and the brief of appellant does not contain an assignment either literally or by a fair paraphrase, the opponent is put in the position of not knowing whether an assignment of error has been made and, if so, of what it consists.

It is our conclusion that the motion of appellees is well taken and must be granted. Department of Industrial Relations v. Simms, 39 Ala.App. 525, 104 So.2d 782; Jackson v. Park, 39 Ala.App. 138, 95 So.2d 815.

The judgment appealed from is affirmed.

Affirmed.

STAKELY, GOODWYN and MERRILL, JJ., concur.