123 So.2d 117

**B. F. GOODRICH CO.**

v.

**James O. LEE.**

**6 Div. 508.**

Supreme Court of Alabama.

Sept. 15, 1960.

Le Maistre, Clement & Gewin and Perry Hubbard, Tuscaloosa, for appellant.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellee.

STAKELY, Justice.

This is a workmen's compensation case.

Appellee James O. Lee initiated these proceedings in the Circuit Court of Tuscaloosa County, alleging in his complaint permanent personal injuries and damages suffered as the result of an accident which occurred in the course of his employment by the appellant, The B. F. Goodrich Company, a corporation. Appellant filed an answer denying that appellee had sustained any temporary total disability, permanent total disability or permanent partial disability within the meaning of the Workmen's Compensation Act of Alabama, Code 1940, Tit. 26, § 253 et seq.

The case was tried orally before the court, who entered a judgment finding that James O. Lee had sustained a permanent partial disability as a result of the accident complained of, that the disability thus sustained is to the extent of 25% and that appellee in his partially disabled condition is able to earn 25% less than prior to his said accident. The trial court further found that appellee's average weekly earnings, within the meaning of the Workmen's Compensation Act, for the fifty-two weeks immediately prior to the accident were $97.50 per week and that in his partially disabled condition appellee is now able to earn but $73.13 per week. On the basis of these findings the trial court entered a judgment that appellee Lee recover of appellant company the sum of $14.62 per week, commencing from the date of the accident and continuing for a period of three hundred weeks, this being sixty per cent of the difference between appellee's average weekly earnings prior to his injury and the amount he is able to earn in his present condition.

There was a motion for a new trial which was overruled by the trial court. Appellant The B. F. Goodrich Company then applied to this court for certiorari to the circuit court. On November 4, 1959, this court issued its writ of certiorari, requiring the circuit court to certify a full and complete transcript of the cause to this court.

The appellant urges that the trial court "erred in finding that appellee sustained a permanent partial disability in the amount of twenty-five percent in that said finding is without support in the evidence." The argument is that there is a total lack of evidence suggesting permanent disability or impairment. Appellant refers us to our decision in Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270, 274, wherein we said:

"But if the findings are not supported by any legal evidence, then such finding cannot be a basis for a judgment awarding compensation under the Workmen's Compensation Act. A total lack of evidence on the trial to support the finding of a material fact becomes a question of law which the appellate court will review."

See Davis Lumber Co. v. Self, 263 Ala. 276, 82 So.2d 291; Birmingham Post Co. v. McGinnis, 256 Ala. 473, 55 So.2d 507.

■ But we have also held, repeatedly, that on review by certiorari of awards made under the Workmen's Compensation Act, if there is any reasonable view of the evidence to support the findings or if any reasonable inference can be drawn from the evidence which will support the findings, this court will not disturb the judgment below. It is not the function of this court in these cases to review and weigh the evidence, to assess the credibility of the witnesses or to resolve possible conflicts in their testimony. Birmingham Post Co. v. McGinnis, supra; Bagwell Steel Co. v. Tinker, 256 Ala. 585, 56 So.2d 114, 115; Randle v. Dumas, 229 Ala. 396, 157 So. 218; Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345.

In the case at bar the evidence before the trial court included the testimony of the appellee and that of three physicians. Ap-

pellee Lee testified to his impaired physical condition at the time of the trial and to the effect that he was not able to do his usual heavy work. The accident happened on June 4, 1958, and the trial was had on August 13, 1959. The presence of the appellee in the courtroom afforded the trial judge an opportunity to observe the appellee in person.

Dr. James P. Collier, witness for appellant, testified that in his opinion, based upon his observation of similar cases, appellee would have a complete recovery and that appellee's disability was "a temporary affair."

Dr. James Garber Galbraith, witness for appellant, who had examined appellee on two occasions testified that it was his opinion that appellee had sustained no permanent physical damage to the nerves nor any permanent neurological impairment. Dr. Galbraith characterized the appellee's disability as "functional"—"something is functional that does not work right to all of our tests, failing to show any reason why it should not work right in the way that we think"—"could not state" whether this condition was permanent or not.

Dr. J. D. Lord, witness for appellee, testified that in his opinion the appellee was "100% disabled at the present time to do heavy, manual labor," and that "it is not safe" for him to do such labor but that he was not able to form an opinion as to what appellee's prognosis would be. Dr. Lord stated, however, in regard to similar cases, that "some have recovered after a period of a year or two years time, and others, to my knowledge, have never recovered."

A similar question of the sufficiency of the evidence was presented in the recent case of Mordecai et al. v. Cardwell, Ala., 121 So.2d 898, 900.[1] That case involved consolidated actions by husband and wife for personal injuries sustained by the wife and loss of her services, arising out of a taxicab accident. On the question whether the wife had suffered permanent injury, there was evidence that at the time of the trial, more than fourteen months after the accident, the wife was sleeping in a brace, in traction, was bothered by numbness in her arm, and could not move her head or neck freely because of pain. A physician, witness for the plaintiffs, testified as follows:

"Q. Now, can you give us any opinion as to whether or not there will be—whether it will heal or if she will ever get over this damage or not?

\*    \*    \*    \*    \*    \*

"A. Well, you see, patients with these nerve changes and weaknesses that prolonged treatment do clear up with that, and you can say this, that she possibly could, or would, clear up.

"Q. She could possibly clear up? A. Definitely could possibly clear up.

"Q. You couldn't say definitely? A. I couldn't say it would be a permanent residual damage, but—no, but it has gone on longer than usual and I expect it will go on longer because she still has a good bit of damage."

We held that this evidence along with other evidence was sufficient to present a jury question of the permanency of the injuries.

Similarly, in the instant case, the trial court could reasonably infer from the testimony of Dr. Lord, together with that of the appellee, that appellee's partial disability was of a permanent nature.

Appellant argues, further, that the trial court's finding of twenty-five percent disability, constituting the basis for the award, is unsupported in the evidence. There was evidence that appellee had worked almost continually for more than seven months after the accident. But appellee testified that he had done so because he had to in order to support himself and

his wife, as he had been told by the personnel manager that he would be paid no compensation and that he did not feel able to do the type of heavy work that he was being required to do by the appellant and has been doing for appellant and that the work caused him pain and suffering. This is supported by the testimony of Dr. Lord that appellee was "100% disabled at the present time to do heavy, manual labor."

In view of this evidence we are not prepared to say that the trial court's determination of the extent of appellee's disability, twenty-five percent, is unfounded or totally without support in the record.

Accordingly, the judgment below is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.