126 So.2d 221

**Lether LAND et al.**

v.

**Julia Land CRAIG et al.**

1 Div. 850.

Supreme Court of Alabama.

Jan. 12, 1961.

Granade & Granade, Chatom, for appellants.

Edw. P. Turner, Jr., Chatom, for appellees.

LAWSON, Justice.

The appeal is from a final decree of the Circuit Court of Washington County, in Equity.

Submission here was on a motion to dismiss the appeal and on the merits.

■ It has been suggested of record that, since the submission of this cause, one of the appellants, Emmett Daniels, has died and that the appeal as to him should be revived in the name of his heirs at law. In such a case, however, a revivor is not necessary since the decree of this court is effective as from the date of the submission of the cause. Spira v. Frenkel, 210 Ala. 27, 97 So. 104; Bagwell Steel Co. v. Tinker, 256 Ala. 585, 56 So.2d 114.

### Motion to Dismiss Appeal

Several of the grounds of the motion are to the effect that the appeal should be dismissed because the record shows there was no citation of appeal served on certain adverse parties or their attorneys. See § 801, Title 7, Code 1940.

■ Those parties who were entitled to be served with citation of appeal were properly served prior to submission. Although service on some of them was belated, no injury or inconvenience is shown. It follows that such grounds of the motion to dismiss must be overruled. Benson-Jackson-Mathers Post No. 5106 v. Donaldson, 267 Ala. 60, 99 So.2d 688, and cases cited.

■ The other grounds of the motion to dismiss take the point that "the record does not bear a certificate of the appellants or their counsel that a copy of the assignments of error were served upon the appellees, or either of them, or the counsel of either of them." It is not alleged in the motion to dismiss that the assignments of error were not actually served upon counsel for movants. The brief filed on behalf of the movants in support of their motion to dismiss shows that counsel for movants was served with a copy of the assignments of error, which was before him at the time the brief was being prepared. The certificate provided for in Supreme Court Rule 1, Code 1940, Tit. 7 Appendix, is not jurisdictional. Under the circumstances of this case, we do not think the absence of the certificate should work a dismissal of the appeal. Edge v. Bice, 263 Ala. 273, 82 So.2d 252. Cf. Board of Education of Colbert County v. Mitchell, 270 Ala. 594, 121 So.2d 103; Department of Industrial Relations v. Simms, 39 Ala.App. 525, 104 So.2d 782. In the last two cases cited, copies of the assignments of error were not served on counsel for the appellees. The holdings in those cases were not based on the absence of a certificate of service.

### On the Merits

The subject of this litigation is a hundred-acre tract of land in Washington County, Alabama, which, prior to January 16, 1911, belonged to Nelce Land, otherwise known as Nelson Land, or to the said Land and his wife jointly. The wife's name was Louisa Land, sometimes known as Lue

Land. We will refer to these parties hereafter as Nelson Land and Louisa Land.

On January 16, 1911, Nelson and Louisa Land executed a mortgage on the subject property to their daughter, Julia Craig, also known as Julia Land Craig. We will hereafter refer to this daughter as Julia Land Craig. The mortgage was given to secure a note in the amount of $170. The note was due on November 1, 1913.

It seems to be agreed that Nelson Land died intestate in 1930 or thereabouts. He was survived by his widow, Louisa, and four children, namely, John Land, Mattie Land Daniels, Marshall Land, and Julia Land Craig. The exact date of the death of Louisa Land is difficult to determine from the record before us, but the trial court in an opinion made a part of the decree stated that she died in 1952 and we will accept that as the date of her death for the purposes of this appeal. She died intestate.

The mortgage was not recorded until August 6, 1957. Within a short time after the mortgage was placed on record Julia Land Craig employed Howard Scott, an attorney of Chatom, to "get her title straight." Mr. Scott apparently advised the foreclosure of the 1911 mortgage on the subject property, because on August 12, 1957, there was a foreclosure sale at which Mr. Scott acted as auctioneer and agent for the mortgagors, Nelson and Louisa Land. The auctioneer's deed shows that the subject property was sold at the foreclosure sale to Inez Carpenter for a consideration of $1,010.50. Inez Carpenter, who was Mr. Scott's secretary, actually paid no consideration for the property. Immediately after the foreclosure sale, she conveyed the subject property to the mortgagee, Julia Land Craig. This course was pursued, according to Mr. Scott, because the mortgage did not authorize the mortgagee to bid the property in at the foreclosure sale.

Thereafter Julia Land Craig apparently sold to S. M. Adams, Inc., the right to cut timber growing on the subject property. We do not find a timber deed in the record, but there is a stipulation which is to the effect that Julia Land Craig "received the sum of $425 from S. M. Adams, Inc., for certain timber rights on the land involved in this suit."

This suit followed shortly thereafter. It was filed on August 20, 1957, by the heirs of John Land and Martha Land Daniels, two of the children of Nelson and Louisa Land, who had died intestate. The respondents to the original bill are Julia Land Craig; S. M. Adams, Inc., a corporation; Howard Scott; Miss Inez Carpenter; Woodrow Reynolds; and the heirs of Marshall Land, a deceased child of Nelson and Louisa Land, who had died intestate.

The bill sought a cancellation of the 1911 mortgage, the mortgage foreclosure deed, the deed from Inez Carpenter to Julia Land Craig and the timber deed from Julia Land Craig to S. M. Adams, Inc., except as to the interest which Julia Land Craig had in the subject property as an heir of Nelson and Louisa Land. All of such relief was sought on the averments of the bill to the effect that the 1911 mortgage had been destroyed by virtue of the lapse of more that twenty years since its due date without any payment of principal or interest.

The bill further sought a sale of the subject property, free of the 1911 mortgage, for distribution of proceeds among the heirs of Nelson and Louisa Land other than the heirs of Marshall Land, deceased. The bill averred, in effect, that Marshall Land inherited no interest in the subject property in that he had been given a tract of land by Nelson and Lousia Land in lieu of his interest in the subject property.

The bill prayed, in effect, that Julia Land Craig, S. M. Adams, Inc., and Woodrow Reynolds be made to account for the timber

cut from the subject property and that S. M. Adams, Inc., and Woodrow Reynolds be enjoined from cutting and removing any more timber from the property during the pendency of the litigation.

The injunction was issued as prayed.

The respondents S. M. Adams, Inc., Howard Scott, Inez Carpenter and Woodrow Reynolds moved to dismiss Howard Scott and Inez Carpenter as parties respondent on the ground that neither had any interest in the subject matter of the litigation. This motion does not seem to have been acted on by the court.

The respondent Julia Land Craig filed a demurrer to the bill, which was overruled.

S. M. Adams, Inc. filed a so-called answer and cross bill. It prayed that on final hearing the sum of $425 be charged against the proceeds awarded Julia Land Craig and "that on said amount a judgment in favor of the undersigned [S. M. Adams, Inc.] be granted for $22.96." Julia Land Craig filed her answer and cross bill wherein she denied the averments of the original bill to the effect that the 1911 mortgage had been destroyed by the doctrine of prescription. It is not alleged in the said answer and cross bill that any part of the principal debt secured by the note had been paid, and in fact it is expressly averred that none of it had ever been paid. The answer and cross bill contains general averments to the effect that the mortgagors had paid interest to the mortgagee in the form of meat, lard, vegetables and other farm produce

The cross bill prayed that the court decree that the 1911 mortgage was valid and in force and effect at the time it was foreclosed; that the court decree that Julia Land Craig owns the subject property subject to the timber deed to S. M. Adams, Inc.

The complaints' demurrer to the cross bill of Julia Land Craig was overruled.

The complainants then amended their complaint by adding the following:

"And in the event this court should hold that the mortgage set out in the bill of complaint and also in the answer thereto alleged to have been executed by Nelson Land and his wife, Lou Land, be valid and binding, then that complainants be permitted in these proceedings to redeem the same under the statutory right of redemption."

A decree pro confesso was taken against the respondents who were the heirs of Marshall Land, the deceased son of Nelson and Louisa Land.

The cause came on for a hearing before the trial judge without the complainants having answered either the so-called cross bill of S. M. Adams, Inc., or the cross bill of the respondent Julia Land Craig.

Following the hearing the trial court decreed that the heirs of Marshall Land, deceased, had no interest in the subject property; that the complainants were entitled to redeem the subject property from the mortgage foreclosure sale upon the payment of a stated sum to be paid out of their share of the proceeds of the sale for division thereafter ordered. There are other features of the decree which need not be mentioned here.

The final decree of the trial court in effect held the 1911 mortgage to be valid and it is that holding which is challenged on this appeal.

 The decree appealed from is irregular because the cause was submitted for final decree without answer to the cross bills or decrees pro confesso. But the decree is not void. Answer and decree pro confesso may be waived. Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650.

██ According to the decisions of this court, twenty years from due date of the mortgage has been fixed as the period of

prescription, after which mortgages upon which there has been no payment or no acknowledgement will be presumed to have been paid, and claims of every kind will be presumed to have been settled. Braun v. Pettyjohn, 176 Ala. 592, 58 So. 907, and cases cited; Bailey v. Butler, 138 Ala. 153, 35 So. 111; Goodwyn v. Baldwin, 59 Ala. 127; Williams v. Kitchens, 261 Ala. 340, 74 So.2d 457; Hendley v. First National Bank of Huntsville, 235 Ala. 664, 666, 180 So. 67.

The record before us has been read and reread and we find a complete absence of evidence tending to show that the mortgagors ever paid any part of the principal or interest or made any acknowledgement of the existence of the mortgage which the mortgage sought to foreclose in 1957.

The duty was on the mortgagee to allege and prove payment or acknowledgement of the mortgage within the twenty-year period. Williams v. Kitchens, supra. In the case just cited, in considering the manner in which averments must be made which seek to avoid the effect of the running of the twenty-year period, we said:

> "The averment [recognition] must be precise as to the place where it occurred, when it was done, to whom it was made, and how often and when and where repeated within the first twenty years after the right accrued. * * *" 261 Ala. 349, 74 So.2d 465.

The proof of such averment must, of course, be made with the same precision.

Under the rule of our cases the doctrine of prescription had destroyed the mortgagee's rights in the 1911 mortgage. The trial court erred in not so decreeing.

The decree is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.