138 So.2d 718

**ALABAMA TERMINIX COMPANY, Inc.**

**v.**

**Jerrell G. LEWEY.**

**8 Div. 28.**

Supreme Court of Alabama.

Dec. 21, 1961.

Rehearing Denied March 22, 1962.

Jas. H. Tompkins, Tuscumbia, for appellant.

Beasley & McCutchen, Tuscumbia, for appellee.

MERRILL, Justice.

This appeal is from a judgment in the sum of $4,725, following a consent judgment entered into in open court and a subsequent writ of inquiry.

Prior to submission, counsel for appellee filed a motion to dismiss this appeal and to affirm the judgment on the grounds: (1) The transcript does not contain an assignment of error; (2) No assignment of error was served upon appellee or his counsel; (3) There is no certificate that a copy of the assignments of error has been served upon appellee; (4) Brief of appellant does not contain any assignment of errors.

Appellant has filed no answer to appellee's motion, although the motion and the brief in support thereof carry certificates that they were served upon counsel for appellant prior to the submission of the cause in this court.

Ground (1) of the motion is without merit because the transcript filed here does contain assignments of error, but the other grounds appear to be meritorious in the absence of any explanation or contest by appellant.

In Board of Education of Colbert County v. Mitchell, 270 Ala. 594, 121 So.2d 103, 104, we said:

> "An assignment of error is an instrument of appellate pleading. It should be available to one's opponent, and where, as here, a copy of the assignments of error was not served on appellee and the brief of appellant does not contain an assignment either

literally or by a fair paraphrase, the opponent is put in the position of not knowing whether an assignment of error has been made and, if so, of what it consists."

There has been no waiver of the requirement by the appellee.

We conclude that the motion of appellee is well taken and must be granted. Board of Education of Colbert County v. Mitchell, 270 Ala. 594, 121 So.2d 103; Department of Industrial Relations v. Simms, 39 Ala. App. 525, 104 So.2d 782.

The judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.