208 So.2d 62

E. F. HILL

v.

George C. WILKINSON.

6 Div. 414.

Supreme Court of Alabama.

Feb. 22, 1968.

Don. B. Long, Jr., and Deramus & Johnston, Birmingham, for appellant.

Geo. R. Stuart, III, Wm. M. Acker, Jr., and Smyer, White, Reid & Acker, Birmingham, for appellee.

MERRILL, Justice.

Appellee, as a stockholder, brought a mandamus action against appellant, as secretary of Union Security Life Insurance Company, to require him to produce the books and records of the company for inspection and to allow appellee to make extracts therefrom. When the cause came on for hearing, the trial court ordered that a peremptory writ of mandamus issue granting the relief sought.

On the same day, November 17, 1966, appellant filed appeal and supersedeas bonds. Extensions were granted to extend the time for filing the transcript and briefs, and on May 5, 1967, before appellant's first brief was filed, appellant filed a motion stating that on February 27, 1967, the circuit court had ordered appellant to turn over all records of the company to one Paul Carr, who had been appointed Judicial Agent of United Security Life Insurance Company, and that said Paul Carr had made the records available to appellee; that appellee had obtained the relief sought in his petition for mandamus; that "the cause is now moot"; and moved the court to "Remand this cause to the court below with directions to dismiss."

On May 11, 1967, appellant's original briefs were filed and these facts were restated in brief. The opening paragraph of the argument section and excerpts from the brief follow:

"By this motion, Appellant contends that the questions presented by this appeal are moot. The court below granted a peremptory writ of mandamus, which ordered Defendant to produce the books and records of United Security Life Insurance Company for inspection and examination by the Plaintiff and to allow Plaintiff to make extracts therefrom.

"This Court has uniformly held that, when pending appeal an event occurs which makes determination of the appeal unnecessary, or renders it clearly impossible for the appellate court to grant effectual relief, the case will be considered moot.

\*    \*    \*    \*    \*    \*

"This appeal has been rendered moot by events beyond the control of Appellant. Review of the judgment of the lower court is impossible, because the issues are moot."

Appellee's original brief was filed on June 15, 1967, and we quote this excerpt from his brief:

"Accordingly, by the only two cases appellant cites in support of his motion, appellee's motion is due to be granted and the appeal simply dismissed."

The case was orally argued and submitted on November 29, 1967. By that time, we had more briefs and other motions but we did not feel that they require discussion under the circumstances.

We agree with the parties that the case is moot. Both appellant and appellee cited the same cases which hold that if an event, pending appeal, makes determination of the appeal unnecessary, or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed. Norrell v. Adams, 275 Ala. 382, 155 So.2d 338; Tiner v. State, 271 Ala. 254, 122 So.2d 738.

Accordingly, the appeal is dismissed on the ground that the question has become moot.

Since a supersedeas bond was executed by appellant, we do not reverse and remand with directions to dismiss as requested by appellant, but we follow the two cases cited and merely dismiss the appeal.

Both appellant and appellee have informed us that, subsequent to submission, appellee died on December 9, 1967. Appellee's executrix sought to revive here in her name. That is not necessary.

Where one of the parties to an appeal dies after the cause has been submitted to this court, a revivor is not necessary since the decree of this court is effective as from the date of the submission of the cause. Land v. Craig, 271 Ala. 580, 126 So.2d 221; Bagwell Steel Co. v. Tinker, 256 Ala. 585, 56 So.2d 114; Spira v. Frenkel, 210 Ala. 27, 97 So. 104.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.